## SHELTHAR *vs.* GREGORY.

Where a bond is given by a husband to secure a separate maintenance to his wife, on an agreement between them to live separate and apart, and they separate, and the wife subsequently returns for the purpose of resuming her duties and privileges as a married woman, and is received by her husband as his wife, the previous agreement to live separate from each other is at an end, and the bond which was given for the separate maintenance falls with the agreement.

The subsequent abandonment of the husband by the wife does not revive the bond or the legal liability of the husband to afford her a separate maintenance.

DEMURRER *to* pleadings.   The declaration is in debt on a bond, bearing date 31st July, 1826, conditioned that the obligor would well and truly pay to the obligee, *trustee for Sarah Gregory, the wife of the obligor,* the sum of $75 annually during the natural life of the said Sarah, for her use and benefit.   The defendant pleaded, in bar of the action, that the said Sarah being at the time of the execution of the bond the lawful wife of the defendant, they agreed, upon sufficient cause, to live separate and apart from each other, and the defendant agreed to allow and pay her, *for her separate maintenance,* the sum of $75 annually during her natural life ; that the bond on which this suit is brought was given in pursuance of such agreement, and that the said Sarah then left his bed and board and lived separate and apart from him.   The plea then avers that afterwards, to wit, *on the 12th day*

NEW-YORK,
May, 1829.

Shelthar
v.
Gregory.

*of August*, 1826, the said Sarah of her own accord, and with the consent of the defendant, returned to the bed and board of him, the defendant, and voluntarily lived and cohabited with him as his lawful wife. To this plea, the plaintiff put in a general and special demurrer. Among the causes specially assigned, the plea was objected to as insufficient in not stating how long or for what period of time, if any, the wife continued to live and cohabit with her husband, and in not stating that she lived and cohabited with him at the accruing of the action, viz. 31st July, 1827, and at the time of the commencement of the suit.

*J. A. Spencer*, for plaintiff.

*S. Beardsley*, for defendant.

*By the Court*, SUTHERLAND, J. The material question presented by this case is, whether the return of the wife to the bed and board of her husband terminated the agreement between them to live separate and apart from each other, and destroyed the legal force of the bond which had been given by the husband, as a part of that agreement for her separate maintenance. It probably would not be contended that the bond could be enforced if the plea, in addition to the return of the wife, had alleged that she continued to reside and cohabit with the defendant down to the time of the commencement of the suit. The object of the bond being to secure to her a separate maintenance, there could be no pretence for enforcing it after she had voluntarily returned to the house of her husband, and been there provided for and maintained. But the intention with which she returned seems to me to be more important than the time she remained. If she returned for the purpose of resuming her duties and privileges as a married woman, and was received by the defendant as his wife, then their previous agreement to live separate from each other was at an end, and the bond which had been given for her separate maintenance must fall with the contract or agreement out of which it arose, and upon which it was founded. Her subsequently abandoning her husband, would not revive the bond, or the legal liability of

her husband to afford her a separate maintenance.    There can be no question if the wife, after her return to her husband, and whilst she continued to live with him, had contracted debts suitable to her degree and condition in life, that the defendant would have been liable for them.    (*Bull.* 134. 2 *Strange*, 1214, *note.*)    If so, he certainly ought not to be compelled to pay the annuity which was intended to exonerate him from all further responsibility on her account.    The case of *Hindley* v. *Westmeath*, (6 *Barn. & Creswell*, 200, 13 *Com. L. R.* 141,) seems to sanction the doctrine that a subsequent reconciliation of the parties will avoid a bond which had been given by the husband for the separate support of the wife.    The validity of these provisions for the separate maintenance of the wife, when the separation has actually taken place, was recognized by this court in *Baker* v. *Burney*, (8 *Johns. R.* 73.)    See also 1 *Salk.* 116 ; 5 *Bos. & Pull.* 148 ; 2 *Kent's Com.* 147 ; 11 *Ves.* 530 ; 2 *Cox*, 99.    There is no force in any of the special causes of demurrer.

Judgment for defendant on demurrer, with leave to plaintiff to reply, on payment of costs.