## MARY J. DESBROUGH, RESPONDENT, *v.* GEORGE DESBROUGH, APPELLANT.

*Divorce — neither alimony nor expenses allowed, when it is evident that the wife cannot succeed — agreement for a separation — when it will defeat an action for a limited divorce.*

When there is no probability that a wife will be successful in an action brought by her, whether for an absolute or a limited divorce, the court will not direct an allowance to be made to her by her husband, either as alimony *pendente lite*, or for expenses.

Where a wife, in pursuance of an agreement for separation, and for a consideration paid by the husband and accepted by her, has voluntarily left and lived apart from him, and does not offer or propose to return to him nor to restore the consideration she has received, she cannot procure a limited divorce upon the ground of his abandonment and refusal to support her.

APPEAL from an order of the Oneida Special Term, granting the plaintiff an allowance of one hundred dollars for her expenses in this action.

*Spriggs, Matthews & Spriggs,* for the appellant.

*Morgan & Bronner,* for the respondent.

SMITH, P. J.:

The action is brought to procure a divorce from bed and board, on the ground of abandonment and neglect to provide for the wife. The parties were married in September, 1848. The appeal papers show, without dispute, that in March, 1865, the plaintiff voluntarily left the defendant's house in Utica and went to reside with her parents in Trenton, Oneida county, in pursuance of an agreement of separation entered into between them, taking with her personal property of the value of about eight hundred dollars, and one hundred dollars in money, which were furnished to her by the defendant in pursuance of the agreement, in consideration of which she agreed to live separate and apart from the defendant, and that she would not contract any debts on his account, or trouble or molest him, or make him liable for her support and maintenance, in any manner or form, during her natural life. She has continued to live separate and apart from him from that time to this, and it does not appear that she has ever offered to return to him, or requested him to receive her as his wife. At Special Term, she moved for alimony as well as expenses, but the former branch of the motion was denied. We think the facts above stated are a defense to the motion for expenses as well.

Where there is no probability that the wife will be able to succeed in her suit, whether for an absolute or a limited divorce, the court will not direct an advance either for alimony, *pendente lite,* or for expenses. (*Jones* v. *Jones,* 2 Barb. Ch., 146.) In this case the alleged abandonment, which is the sole ground of the action, is shown by the undisputed facts to have no existence, the plaintiff having voluntarily left her husband and agreed to live separate from him for a good and valuable consideration furnished by him. She neither offers to return to him nor to restore the consideration which she has received.

An agreement for separation is valid when made in view of immediate separation, or when separation has actually taken place. (*Baker* v. *Barney,* 8 Johns., 73; *Shelthar* v. *Gregory,* 2 Wend., 422.) But without reference to the validity of the agreement the

fact that the wife voluntarily left her husband and continues to live apart from him for a consideration furnished by him and accepted by her, and that she does not propose to return, is a complete answer to the charge of abandonment by the husband.

The order is reversed and the motion denied, but no costs are given.

HARDIN and BARKER, JJ., concurred.

Order reversed and motion denied, without costs.