# FRANK A. CRITTENDEN
## v.
# ELIZABETH C. CRITTENDEN.

*Divorce—Separate Maintenance—Temporary Alimony—Ante-nuptial Contract—Stipulation to Live Apart.*

1.  This court declines, in view of the evidence, to interfere with an order awarding a wife temporary alimony and a sum for solicitors' fees in proceedings instituted by her for separate maintenance.

2. Declarations accompanying acts to which the law attaches particular effects, denying such effects, do not prevent the operation of the law.

[Opinion filed February 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. SHUMAN & DEFREES, for appellant.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee.

The question of the allowance of alimony *pendente lite* in separate maintenance suits has been somewhat fully discussed in Johnson v. Johnson, 20 Ill. App. 495 (overruling Foss v. Foss, 2 Ill. App. 411), and we do not discover in the brief for appellant such exposure of fallacy in the well-written opinion of Justice McAllister as should overrule that case.

The marriage between the parties was the result of a deliberate purpose on the part of both to contract that relation. The ante-nuptial agreement so designates the contemplated ceremony, and the intention there expressed was carried out with the formalities of witnesses and minister.

Such being the minds and actions of the contracting parties, no duress or fraud being practiced, nothing more was essential to the complete establishment of the relationship they had agreed beforehand would be a marriage between them.

The legal force of the term " consummation" as used by appellant's counsel is not clear.

"By the common law, if the contract be made *per verba de presenti*, it is sufficient evidence of marriage; or if made *per verba de futuro cum copula*, the *copula* would be presumed to have been allowed on the faith of the marriage promise, so that at the time of the *copula* the parties accepted each other as husband and wife.   On this subject the maxim of the law is inexorable, that it is the consent of the parties and not their concubinage that constitutes valid marriage."   Hebblethwaite v. Hepworth, 98 Ill. 133; see, also, Stew. Mar. & Div., Sec. 104; Bishop Mar. & Div., Secs. 251, 252; Dalrymple v. Dalrymple, 2 Hagg. Consist. 54; Potier v. Barclay, 15 Ala. 449.

In this connection the language of Judge Moran in Bow-
man v. Bowman, 24 Ill. App. 165, has peculiar pertinency.
In that case an illicit connection had existed between the par-
ties while the husband was yet married to another woman,
from whom he was afterward divorced.  A marriage, after the
divorce from the former wife, was claimed by complainant.
" This probability is strengthened by the natural presumption
that a man who has sustained to a woman a libidinous relation,
and has children born in said relation whose paternity he
acknowledges and for whom he expresses affection and love
(as appellant most profusely does in his letters to appellee),
will seek the earliest moment, after all impediment is removed,
to free his children from the stain of illegitimacy, and to con-
vert the impure relation with their mother into one at once
legal, honorable and respectable.  It is to be remembered, too,
that upon this interlocutory motion the question of marriage
or no marriage is not definitely settled.   While in an applica-
tion for alimony the fact of marriage must be proven, yet
where it is practically the only fact in issue in said motion, as
it is in this case, the proof should not be required to go beyond
establishing probable cause or a fair probability that the peti-
tioner will maintain her allegations."

GARY, J.   Any narrative of the relations of these parties,
which preceded and led to the making of the contract copied
below, while it might divert, would not profit whoever may
hereafter read this opinion.

That contract is:

" Whereas, Frank A. Crittenden, of Detroit, Michigan, is
about to contract marriage with Elizabeth Childs Sampson,
and it is agreed that, as preliminary to said marriage, said
Crittenden shall settle upon said Elizabeth an estate in lieu of
all future claims for support, and in consideration thereof,
that said Crittenden shall not be obliged to furnish said Eliza-
beth with any further support.

" Now, therefore, in consideration of the premises, the said
Crittenden hereby agrees to convey to said Elizabeth one of
the sections of land owned by him in Valley county, Nebraska,

equal in value to any of the six sections of land owned by him
in the State of Nebraska.

"And, whereas, all of his Nebraska land is subject to a
mortgage of six thousand ($6,000) dollars due in August, 1893,
it is further agreed that said Crittenden shall pay said incum-
brance, or remove the same from the land to be conveyed to
said Elizabeth, and also shall pay all taxes and assessments on
said land until he shall remove said incumbrance. The said
land, when conveyed and relieved from incumbrance, to be in
full of all claims of said Elizabeth upon said Crittenden for
support, and all right of dower in any estate of which he may
die seized. And in consideration of the foregoing, the said
Elizabeth hereby agrees to accept the said land on the condi-
tion aforesaid; and further upon the aforesaid performance
on the part of said Crittenden, not to molest said Crittenden,
or permit her friends to do so in any form.

"And it is further agreed that said parties, after the com-
pletion of said marriage, shall live apart from each other
always.

"Witness our hand and seals this 23d day of January, A.
D. 1889.

"FRANK A. CRITTENDEN,      [SEAL.]
"ELIZABETH C. SAMPSON,     [SEAL.]"

Whether the last stipulation of the contract has been strictly
observed is disputed between the parties. The land has been
conveyed as agreed, but the incumbrance on it remains; it
has not been removed, which was the condition upon which
she should take it in full of all claims upon him for support.
Whether courts would give any effect to an agreement
between a man and woman, made before marriage, that after
marriage they should not sustain to each other the relation of
husband and wife, is a question not necessarily arising on this
record. Whether such an agreement would be void on
grounds of public policy, and whether the principle applicable
to the delivery of deeds applies to marriage, might be made
the subject of long arguments.

The latter principle as stated in Leiter v. Pike, 127 Ill. 287,
where the opinion of the Supreme Court and of this court

both appear, is, that declarations, accompanying acts to which the law attaches particular effects, denying such effects, do not prevent the operation of the law.   See, also, Bacon's Abr. " Conditions, (L) of repugnant Conditions."

The reason why it is not necessary now to consider that matter is that upon the evidence heard below, it is not improbable that the parties have clandestinely treated each other as they ought not to have done, if they were not married, and thereby the stipulation to live apart is gone.   Shelthar v. Gregory, 2 Wend. 422.

They were married on the day the contract is dated.   On the 21st of November following she filed this bill for separate maintenance.

June 25, 1890, the order from which this appeal was taken, allowing her $6 per week temporary alimony, and $25 solicitor's fees, was entered.

The evidence as to the cohabitation, and the means and necessities of the parties, was such as to make the conclusions of fact by the court below, justifying the order, final, and it is therefore affirmed.

Temporary alimony, in suits for separate maintenance, has been so often sanctioned by this court, that there is no need to cite cases.

*Order affirmed.*