SAKI OTANI *v.* GEORGE OTANI.

No. 1747.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

SUBMITTED JUNE 9, 1927.                    DECIDED JUNE 24, 1927.

PERRY, C. J., PARSONS, J., AND CIRCUIT JUDGE CRISTY
IN PLACE OF BANKS, J., ABSENT.

EVIDENCE—*finding of fact.*

> Upon the evidence in this case certain findings of fact are
> sustained.

OPINION OF THE COURT BY PERRY, C. J.

In a suit for divorce between the parties now before
this court the divorce was granted and by a decree
entered on February 12, 1919, the care, custody and con-
trol of Koji Otani, a son of the parties to the suit, was
awarded to the mother; and provision was also made for
the payment of alimony by the husband to the wife in
the sum of $25 per month, and later increased to $40
per month. The husband now moves to modify the
decree by terminating the provision for alimony and by
altering the order with reference to the child so as to
award its care, custody and maintenance to the father,
the ground of the motion being the repeated adultery of
the mother since the decree. The circuit judge before

whom the case was heard found the allegations relating to the misconduct of the mother to be true and granted the motion. The case comes to this court upon the appeal of the mother.

The circuit judge saw and heard the witnesses and was in a better position to judge of their credibility than we are. While it is true that the burden was upon the movant to prove the alleged unfitness of the mother, he certainly established a *prima facie* case, not only of an adulterous disposition on the part of appellant and Ando towards each other and repeated opportunities for improper relations, but also of adultery. The appellant did not take the stand to deny the inferences properly deducible from the facts proved, or to deny the adultery, nor were other available witnesses including Ando called to the stand to testify in rebuttal of the *prima facie* showing made by the husband. This is not a criminal case. In addition to the evidence which was adduced tending to show the commission of the acts charged, the trial judge may well have attached some weight to this apparent inability of the wife and Ando to deny truthfully the charges made against them.

The son was born on July 1, 1912, and is consequently more than fourteen years of age. To such a boy, living in the same home with a mother who is thus inclined, her example cannot be otherwise than fraught with danger. The father of the boy married a second wife in 1919, about seven months after a divorce from his first wife. Upon the evidence there is not the slightest reason for believing that his conduct since the second marriage has been other than good, or for believing that he would not be a suitable custodian of his own son. He is able to support him in the same standard in which he lives and to give him an ordinary education.

The contention that the circuit judge erred in treating

as evidence in this case a finding in another case, not between these same parties, that Ando and the present libellant committed adultery at the time and place named on January 4, 1926, need not be passed upon. Without any reference to that finding, which, it. may be added, is not before us as a part of the record, we make the same findings of fact purely upon the uncontradicted evidence adduced in the case at bar.

Under the circumstances, the order appealed from modifying the decree in the respects named should be affirmed. Decree accordingly.

*Schnack & Tracy* for libellant.

*E. J. Botts* for libellee.