In the Matter of the Estate of WILLIAM R. LANDON, Deceased.

Surrogate's Court, Oneida County, December 27, 1933.

*L. M. Martin,* for the executor.

*Frank B. Graves,* for the residuary legatee.

*George E. Philo,* special guardian for infants.

EVANS, S. This is a proceeding to determine whether the widow of the above-named testator is entitled to exemption as provided by section 200 of the Surrogate's Court Act. The testator died on or about June 20, 1933, a resident of the village of Waterville, Oneida county, N. Y. His last will and testament was admitted to probate in this court on July 31, 1933. This instrument bears date June 15, 1931. It provides for an equal division of the real and personal property between his two children, a son and daughter, both of whom are minors. At the time of the death of the testator

the children were and now are living with their mother in Oakland, Cal. She is the lawful widow of the testator and under normal conditions her property rights in the estate of her husband would be clear.

The testator at the time of his death owned both real and personal property, but the question to be decided at this time pertains only to personal property defined as exemptions. Testator and his wife had been living separately since November 17, 1930. This fact in itself does not deprive the widow of her rights to exemptions. (*Matter of Shedd*, 60 Hun, 367; affd., 133 N. Y. 601.)

In that case the husband had not lived with his wife for a period of ten years preceding his death and had not supported her for the last eight of these years. It was held that the decedent had a " family " within the meaning of the statute and that his widow was entitled to exemptions.

The issue concerning the property rights of Mrs. Landon is the result of a separation agreement that she had with her late husband coupled with the subsequent acts of both parties to this agreement. On May 23, 1930, they executed a separation agreement by which the wife received $1,500, and relinquished all rights as such in the property of her husband. Shortly thereafter she left Waterville, N. Y., with the two children and went to Oakland, Cal., to live. In the month of August of the same year the husband followed his wife and children to Oakland where marital relations were resumed. After the arrival of Mr. Landon the family remained in Oakland about six weeks and then returned to Waterville where they lived until November, 1930, when the wife and children again left the testator and went to Oakland, where they have since lived.

The point now to be determined is whether the separation agreement became abrogated by the acts of the husband and wife in subsequently living together as such.

The briefs submitted by the attorneys for the interested parties contain arguments and citations bearing also on the right of election of a widow to take against the provisions of the will of her husband and what does and does not constitute abandonment. (Dec. Est. Law, § 18, subd. 5.)

This phase of the situation is not now before the court and the issue is narrowed to the sole question of exemptions. (Surr. Ct. Act, § 200.)

It appears to be well settled that a separation agreement by husband and wife may be terminated upon resumption of the marriage relation. (*Zimmer* v. *Settle*, 124 N. Y. 37; *Matter of Smith*, 13 Misc. 592; *Carson* v. *Murray*, 3 Paige, 483, 493.)

The reconciliation must be complete with an intent at least that it shall be permanent. The last cited case holds that the length of time such reconciliation lasts is unimportant. However, a separation agreement is not vitiated because of acts of sexual intercourse by the parties under circumstances that support the inference that no normal family life had been resumed or intended. (*Hughes* v. *Cuming*, 36 App. Div. 302; *Brody* v. *Brody*, 190 App. Div. 806.)

It is also clear that where a separation agreement is nullified by a reunion of the parties that such an agreement is not revived if the parties again separate. (*Shelthar* v. *Gregory*, 2 Wend. 422.)

The problem thus appears to be one of law and fact. In the case at bar the executrix contends that the acts of Mr. and Mrs. Landon after their separation failed to indicate a settled purpose on their part to resume family relations according to accepted standards.

The fact that the testator traveled across the United States after his family is definite evidence to my mind of an intent on his part to resume his original status as a husband and father. This view is further supported by the fact that the family traveled back across the United States to their former home in Waterville, N. Y., and indicates an intention on the part of both husband and wife to resume normal family life, which they apparently did for a few weeks. The fact that the parties again separated did not operate to revive the separation agreement. (*Shelthar* v. *Gregory*, 2 Wend. 422.)

I hold and decide that the separation agreement between the husband and wife was annulled by a resumption of marital relations and that the widow is entitled to exemptions.

Decreed accordingly.