ALFRED C. BLUMENTHAL, Plaintiff, *v.* MARGARET F. BLUMENTHAL, Defendant.

Supreme Court, Special Term, New York County, March 23, 1944.

*Jack Lewis Kraus, II,* for defendant.

*David B. Stillman* for plaintiff.

SHIENTAG, J.   This is a motion to dismiss each of the six causes of action set forth in the complaint for alleged insufficiency and also because it is claimed that the court lacks jurisdiction of the subject of the action and that there is another action pending between the same parties for the same cause. In addition defendant seeks to strike out various allegations of the complaint as sham, frivolous, irrelevant, unnecessary, impertinent and prejudicial.

The first cause of action alleges that the plaintiff husband and the defendant wife entered into a written agreement of separation, a copy of which is annexed to the complaint; that five years thereafter and for a period of more than sixteen months plaintiff and defendant '' with intent so to do, resumed conjugal relations, cohabited and lived together as man and wife and effected a marital reconciliation ''; that thereafter defendant without cause or justification and without plaintiff's consent left him and that by reason of the foregoing the separation agreement was rescinded and rendered void and ineffective. Plaintiff seeks a decree declaring the agreement rescinded and restraining the defendant from asserting any claims for money pursuant to the agreement.

This cause of action appears to be sufficient in law. It is well settled that a resumption of cohabitation with intent to effect a reconciliation results in annulment and rescission of a previously existing separation agreement between the parties. (*Zimmer* v. *Settle,* 124 N. Y. 37, 43; *Dudley* v. *Fifth Ave. Trust Co.,* 115 App. Div. 396, affd. 188 N. Y. 565; 40 A. L. R. 1228.) It is unnecessary to consider to what extent this doctrine applies to executed as distinguished from executory obligations of the separation agreement for plaintiff is apparently seeking to be

relieved only from the obligation to make payments which he has failed to make in accordance with the terms of the separation agreement. In *Dudley* v. *Fifth Ave. Trust Co.* (*supra*) it was even held that as the result of the rescission of the separation agreement by reconciliation, the wife was entitled to the return of an insurance policy upon her husband's life which had been assigned to him as a condition of the separation agreement.

Defendant claims that plaintiff is seeking a declaratory judgment and that insufficient has been set forth to justify a cause of action for that relief. What plaintiff is really seeking is a judicial rescission of the separation agreement and an injunction against its enforcement. However, even if he were asking for a declaratory judgment he would be entitled to do so by reason of the fact that he is obligated under the terms of the separation agreement to continue to make payments and is, therefore, justified in seeking a judicial determination as to whether such obligation is still legally binding upon him.

The second cause of action is similar to the first except that it adds an allegation that at the time of the reconciliation the parties expressly agreed that the separation agreement was to be cancelled and annulled in all respects including claims for moneys due or to become due thereunder and including a judgment previously recovered by defendant against plaintiff. That judgment admittedly was based upon plaintiff's failure to perform the separation agreement prior to the alleged reconciliation. Assuming that the reconciliation by *itself,* though sufficient to annul plaintiff's liability for unpaid amounts previously due under the separation agreement, did not have the effect of also rescinding the judgment for such unpaid amounts theretofore entered, an *express agreement* of the parties, entered into as part of the marital reconciliation, that the judgment was to be null and void and included within the scope of the rescission, is entitled to be given full force and effect. The claim that plaintiff should have alleged either that the agreement was written or else that there was consideration for the release or discharge of the judgment seems to be without merit. It is clear that the agreement was entered into as part of the marital reconciliation and that such reconciliation constituted the consideration therefor. Nor is there merit in the contention that a judicial order or decree was necessary by virtue of the provisions of section 1165 of the Civil Practice Act, in order to discharge the judgment. That section and the cases cited by defendant apply only to a judgment for separation. The judg-

ment involved here was one based upon breaches of a separation agreement between the parties and not a judgment for separation.

The third and fourth causes of action represent merely a division of the second cause of action into two parts, one seeking a decree canceling and annulling plaintiff's obligations under the agreement whether due or to become due, and the other seeking annulment of the judgment entered against plaintiff '' based upon plaintiff's alleged failure to pay certain moneys under and pursuant to said separation agreement.'' Since the second cause of action is sufficient, the third and fourth causes of action are likewise sufficient. The worst that can be said about them is that they are superfluous and unnecessary.

The fifth cause of action alleges that defendant has instituted an action upon the judgment in Delaware. Plaintiff seeks to enjoin the prosecution of that action. Although the complaint alleges that defendant is a resident of New York there is no such allegation as to plaintiff's residence, nor is there any showing that the express agreement of the parties that there was to be no liability upon the judgment obtained by defendant would not constitute a good defense in Delaware to the action upon the judgment. The fifth cause of action is accordingly held insufficient.

The sixth cause of action is the same as the fifth except that it relates to an action instituted by defendant in Delaware to recover moneys alleged to be due under the separation agreement. This cause of action is insufficient for reasons similar to those upon the basis of which the fifth cause has been held bad.

The claim that the court lacks jurisdiction of the subject of the action is overruled. The contention that there is another action pending between the same parties for the same cause is also overruled. It is well settled that an action in this State may not be dismissed because of the pendency of another action between the same parties for the same cause in a sister State. Moreover the Delaware actions are not for the same cause as the present action.

In determining the present motion the court has of course been limited to the allegations of the complaint and has, therefore, been compelled to assume that the plaintiff in good faith entered into a reconciliation with the defendant and that the parties actually agreed that all obligations under the separation agreement as well as the judgment previously obtained for breaches of that agreement were to be null and void. The actual facts may of course turn out to be otherwise. Attention should

also be called to the fact that plaintiff's attorneys concede in their brief that the annulment or cancellation of the separation agreement as to amounts due thereunder prior to the alleged reconciliation does not necessarily deprive the defendant wife of a right to reimbursement for expenditures for her support made before the reconciliation. Plaintiff's attorneys state that " In such a situation, the wife probably would be entitled to reimbursement therefor ", the claim for such reimbursement to be asserted as a setoff or counterclaim or as an independent cause of action in a suit by the wife.

To the extent that defendant seeks to strike certain allegations from the complaint the motion is denied.

The motion is accordingly granted to the extent of dismissing the fifth and sixth causes of action and otherwise denied, with leave to answer within ten days from the service of a copy of this order with notice of entry upon payment of $10 costs.