## 19848. LOTT v. LOTT.

WYATT, Presiding Justice. Elisha Lott, Jr., filed his petition in the Superior Court of Coffee County, Georgia, against Nobie Hayes Lott, seeking a total divorce. Nobie Hayes Lott filed her answer and cross-action, in which she sought a divorce, custody of a minor child, and alimony for the support of herself and the child. A divorce was granted to both parties, and the defendant, Nobie Hayes Lott, was awarded custody of the minor child and alimony for the support of herself and the child. The plaintiff filed a motion for new trial in the divorce action, and amended same by adding certain extraordinary grounds. The motion for new trial was granted. That judgment was reversed by this court (Lott v. Lott, 212 Ga. 672, 94 S. E. 2d 869), where it was said that a motion for new trial was not an available remedy to review the judgment in the divorce case. Thereafter, Elisha Lott, Jr., filed what he calls an extraordinary motion to modify, vacate, or set aside the judgment and decree in the divorce case. An amendment thereto was offered, which was disallowed. A demand for a jury trial on the issues raised in the motion was disallowed. A written motion for a blood test on the child for the purpose of determining parentage was denied.

Thereafter, the respondent made an oral motion to dismiss the extraordinary motion, which was sustained. To each of the above rulings, the movant excepted and assigns the same as error. Held:

1. The amendment which was disallowed alleges in substance that Nobie Hayes Lott has since the verdict and decree occupied, and does now occupy, the relation of common-law wife of a named person, and that she is not now entitled to the alimony awarded to her under the provisions of the decree, which provided that alimony for her support should continue until she remarried. These facts, if true, would not be a proper ground to modify or vacate the former judgment. These facts are not facts which were in existence when the decree was rendered, and did not and could not have affected the judgment in the divorce case. It was, therefore, not error to disallow the amendment.

2. Under the ruling of this court in Carnegie v. Carnegie, 206 Ga. 77 (55 S. E. 2d 583), it was not error to deny the motion by movant for a jury trial on the issues raised in his motion.

560

3. Plaintiff in error contends in this court that it was error to refuse, upon motion, to require a blood test upon the child in question to determine parentage. Conceding that it would ever be error to deny such a motion, it was not error in the instant case. The record shows that the child in question had been born when the divorce trial was had, and that the parentage of this child was disputed at that trial. Movant had within his knowledge at that time all of the facts with reference to the blood test that he now has, and he offers no excuse for not requesting the blood test at the original trial. It was not error to deny the request made for the first time in the extraordinary motion.

4. Conceding, but not deciding, that an extraordinary motion to modify, vacate, or set aside a divorce decree can be maintained under Ga. L. 1946, pp. 90-91 (Code, Ann., § 30-101), it was not error to deny the motion in the instant case. The newly discovered evidence which forms the basis of the motion here under consideration consists of several affidavits with reference to transactions between the respondent and named persons, and affidavits with reference to the parentage of the child in question. Upon the original trial, the parentage of the child was disputed. There was evidence at that trial as to transactions between the respondent and named persons, and evidence that a named person other than the movant was the father of the child. This is the same information as that contained in the affidavits attached to the motion under consideration. It is, therefore, apparent that the alleged newly discovered evidence is merely cumulative and not sufficient to require the grant of the motion. It was, therefore, not error to sustain the oral motion by the respondent to dismiss.

*Judgment affirmed. All the Justices concur.*

Argued September 11, 1957—Decided October 11, 1957.

*Gibson & Maddox, H. J. Quincey, R. A. Moore,* for plaintiff in error.

*Ewing & Williams, George Jordan,* contra.