Louis J. Capozzoli, J.
This is a motion for alimony and counsel fee pendente lite.
It is conceded that prior to the commencement of this separation action and on the 1st day of November, 1955, a written separation agreement was entered into, a copy of which is annexed to the answer herein. It further appears that the defendant has been making the payments under said separation agreement and there is no claim of default. However, the plaintiff contends that on various occasions after the execution of the separation agreement the parties lived together as husband and wife and argues therefrom that the separation agreement came to an end. On the other hand, the defendant insists that at no time did he live with plaintiff as husband and wife following the separation agreement and that the separation agreement is still in force and effect.
*381 It is settled law that a separation agreement between husband and wife may be terminated upon resumption of the marriage relation (Zimtbaum v. Zimtbaum, 246 App. Div. 778, affd. 272 N. Y. 416; Matter of Landon, 149 Misc. 832). It is also true that the law does not favor separation of husband and wife and encourages reconciliation (Schoonmaker v. Crounse, 18 N. Y. S. 2d 853). However, cohabitation between the parties of itself is insufficient to vitiate the separation agreement. A separation agreement is not terminated because the parties have engaged in sexual acts, unless the circumstances support the inference that a normal family life has been resumed. The proof must show that the cohabitation and reconciliation concurred with the intent to abandon the agreement (Dubin v. Dubin, 174 Misc. 952; Blumenthal v. Blumenthal, 194 Misc. 322; Hughes v. Cuming, 36 App. Div. 302, revd. on other grounds 165 N. Y. 81). In the last-cited case, the court said (p. 308): ‘ ‘ The ‘ cohabitation ’ spoken of in the decisions as destructive of the separation agreement means something more than mere sexual intercourse * * * ‘ to effect this end, the reconciliation must be permanent, and be followed by cohabitation. It must be a reconciliation which restores the former relations of the parties.’ * * * Nor could either of them have intended to affect the separation agreement by such intercourse as they had, for the husband continued to make payments under the contract for a long time thereafter.” It is noteworthy that the payments under the separation agreement have continued up to the time of the making of this motion and same were accepted by the plaintiff.
It is obvious, in view of the conflicting claims of the parties that the validity of the separation agreement cannot be determined upon the affidavits submitted and must await the trial (Sullivan v. Sullivan, 285 App. Div. 967; Botway v. Botway, 273 App. Div. 948; Rosenblatt v. Rosenblatt, 209 App. Div. 373). In Sullivan v. Sullivan, (supra) the court said: “ Plaintiff is not entitled to the relief sought by this motion unless the question whether the separation agreement is valid and enforcible is first decided adversely to defendant. Such determination may not be made on the pleadings and conflicting affidavits herein and should, therefore, be left to the trial court.” (Also, see, Brody v. Brody, 190 App. Div. 806; Fierman v. Fierman, 62 N. Y. S. 2d 650.)
Under the circumstances disclosed, this court has no discretion in the matter and must deny the motion of the plaintiff. It is only the trial court which would be in a position to determine the truth of the relations between the parties. •