John D. Bennett, S.
In this proceeding for the appointment of an administrator, the daughter of the decedent is opposed in her application for letters by her father, who claims a priority to such letters under section 118 of the Surrogate’s Court Act as the surviving spouse of the decedent.
A reply filed to the objections has narrowed the issue to whether, pursuant to a separation agreement entered into between the objectant and the decedent, his right to letters of administration has been barred.
The language employed in paragraph 7 of the separation agreement is extensive in its mutual relinquishment of rights held by the parties in each other’s estate. It is elementary that in order to receive letters of administration, the applicant must be entitled to share in the estate of the intestate (Surrogate’s Ct. Act, § 118; 2 Butler, New York Surrogate Law and Practice, § 1197), and it naturally follows that a surviving spouse who has waived all his rights in the estate of the intestate has no right to receive letters of administration. Furthermore, here the very right to such letters was explicitly waived in the latter part of paragraph 7 of the separation agreement.
Although the objectant sought to establish a reconciliation between the decedent and himself after the date of the separation *526 agreement, no competent evidence of such reconciliation was adduced. Even if the testimony of the objectant, which was stricken on the ground that it violated section 347 of the Civil Practice Act, was accepted as competent and true, much more than sporadic instances of a reunion between husband and wife must be shown to abrogate a prior separation agreement (Matter of Landon, 149 Misc. 832; Matter of Tierney, 148 Misc. 378).
Nor is there any evidence that the objectant was forced or coerced by circumstances into executing the separation agreement. Although he denies the fact, the court finds that he was fully represented by counsel at the time, and that such execution was a free and voluntary act on his part.
On all the evidence adduced, the court holds that the objectant has waived and relinquished his right to letters of administration. The objections are accordingly dismissed and-letters of administration will issue to the petitioner upon her qualifying according to law.