120 N.J. Super. 36 (1972)
293 A.2d 229
ESTELL M. WEINER, PLAINTIFF,
v.
HOWARD M. WEINER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 22, 1972.
*37 Mr. Edward D. McKirdy for plaintiff (Messrs. McKirdy & Riskin, attorneys).
Mr. Morris M. Schnitzer for defendant (Messrs. Schnitzer & Schnitzer, attorneys).
POLOW, J.J.D.R.C. (temporarily assigned).
The parties, as New Jersey residents, executed a separation agreement dated May 4, 1965, which was subsequently incorporated in a Nevada divorce decree entered for plaintiff on October 21, 1965. There is no question but that the terms of the agreement would require support for the plaintiff ex-wife in the sum of $85 per week if it is specifically enforceable unless a modification is legally and factually supportable.
Some time after the Nevada divorce, in or about July 1966, the parties were reunited in California and subsequently lived together in Morris Plains, New Jersey, without the benefit of marriage, until April 1969 when they *38 separated for good and plaintiff moved into her own apartment. The basic legal question to be decided at this time is whether such a resumption of cohabitation after a valid divorce decree terminates the future obligations contained in the separation agreement.
At a prior hearing in November 1971 defendant was held legally obligated to provide support for plaintiff without regard to the effect or enforceability of the separation agreement. An oral determination was made that the then existing circumstances justified a weekly alimony order in the amount of $50, which was in effect a reduction of $35 per week from the obligation contained in the agreement. It was at that time determined to be unnecessary to resolve the legal issue concerning whether the resumption of cohabitation abrogated the terms of the separation agreement since there was admittedly an obligation to provide some support, the divorce having been based on marital fault cognizable in New Jersey. Circumstances had changed in that defendant had remarried and plaintiff enjoyed increased income. If the same test for change of circumstances applies for modification of a written agreement as is required to modify a judgment for alimony, the agreement even though valid and enforceable would have been modifiable to the amount of the new determination based upon the then existing circumstances, and it was so resolved at that time. Shortly after that determination, however, the Appellate Division ruled that "[a] far greater showing of changed circumstances must be made before the court can modify a separation agreement than need be shown to warrant the court amending an order for alimony * * *." Schiff v. Schiff, 116 N.J. Super. 546, 561 (App. Div. 1971), cert. den. 60 N.J. 139 (1972).
Before the oral determination had been incorporated in a form of judgment, defendant sought and obtained an order for a new trial, despite the warning that the outcome might be less favorable to him in the light of the Schiff decision which had been reported in the interim. He was *39 advised, on the record, that the changes of circumstances, although sufficient to modify an order for alimony, might well fall short of the "far greater showing" required to modify a fairly and properly executed separation agreement. He nevertheless persisted and the matter was re-heard in March, 1972.
Upon the retrial testimony was taken from both parties. Defendant stated that when plaintiff moved into her own apartment in April 1969 she orally agreed to a reduction of alimony payments from the $85 per week provided by the agreement to $145 per month, the amount of her rent. Plaintiff denied any such modification. This court ruled that defendant had failed to sustain the burden of proof and found as a fact that there had been no oral modification. It was also determined at the conclusion of the hearing that there would be no retroactive support for the period during which the parties lived together following the divorce, and the question of current support was reserved pending submission of briefs.
Defendant argues that the resumption of cohabitation after the divorce was in fact a reconciliation which by law abrogates executory features of a separation agreement. The general rule with which this jurisdiction agrees is that a reconciliation or resumption of cohabitation before a divorce abrogates the executory provisions of a separation agreement. Wolff v. Wolff, 134 N.J. Eq. 8 (Ch. Div. 1943); Devine v. Devine, 89 N.J. Eq. 51 (Ch. Div. 1918); Restatement, Contracts, § 584(2); 35 A.L.R.2d § 707.
The logic of this concept is compelling. Public policy favors preservation of the marriage. Terminating future obligations under a separation agreement upon reconciliation helps to restore the previous relationship of the parties, to recreate the status of the marriage before the separation.
Thus, normal cohabitation, as a matter of public policy will terminate any future obligation contained in a separation agreement. However, cohabitation after a divorce without the benefit of remarriage can neither be said to be "normal" *40 nor does it restore the pre-existing relationship between the parties. Peer v. Peer, 17 Misc.2d 380, 183 N.Y.S.2d 278 (Sup. Ct. 1959). Only a remarriage between the parties would serve the purpose of restoring the previous marital relationship in the circumstances of this case, after divorce.
Defendant's suggestion that the concept should be enlarged to incorporate the factual situation of this case would in fact put the stamp of approval upon a meretricious relationship. I cannot agree that even our most modern views support such a conclusion. The opposite, in fact, is true. Our public policy still, even in this "enlightened" era, opposes any illicit relationship, including cohabitation without the benefit of marriage. Unquestionably, had the parties remarried the obligation under the separation agreement would have terminated. I find that without such remarriage, cohabitation alone does not abrogate the obligations contained in the separation agreement.
Defendant argues that even if the agreement is valid and subsisting, he is entitled to a modification by reason of changed circumstances. He remarried in 1970 and assumed new obligations. The plaintiff, he points out, earns substantially more than was contemplated by the parties when they executed the agreement. Neither argument has merit under these circumstances.
An alimony provision contained in a divorce decree may be modified upon remarriage of the husband where that is found to be a change of circumstances warranting consideration. Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971); Bartok v. Bartok, 52 N.J. Super. 266 (App. Div. 1958). However, the possibility of remarriage is clearly such an eventuality as could have been anticipated by the parties in arriving at their written agreement, and the failure of that writing to provide for such an occurrence must be considered evidence of their intention to continue the alimony provision regardless of defendant's remarriage. Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), cert. den. *41 60 N.J. 139 (1972). The agreement does provide for the contingency of remarriage of the wife. Its silence as to the husband's remarriage must have been intentional.
Subsequent events which should have been in contemplation of the parties as possible contingencies when they entered into the contract will not excuse performance. Schiff, at 561.
Defendant's voluntary assumption of financial obligations for the children of his present wife, all of whom are over 20 years of age, is not a factor worthy of consideration. He has no legal obligation on behalf of his stepchildren and has now ceased payment of the $20 per week support for his own son under the terms of the agreement.
Plaintiff is earning more money than she did when the agreement was executed. Is this a change of circumstances justifying modification of its terms? As plaintiff argues, defendant and his present wife have a considerably more substantial income together as compared to that of plaintiff, and even with her present income, the support payments of $85 a week under the terms of the agreement would not permit her to live in a financially superior manner to the pattern of living established during their marriage. She is entitled under these circumstances to an amount sufficient to maintain herself commensurate with her former status. Capodanno v. Capodanno, 58 N.J. 113 (1971). Her increased income is therefore not such a circumstance as to justify modification of the agreement. Defendant has fallen short of meeting the standard of proof established in Schiff:
The showing of `changed circumstances' * * * to warrant the court in modifying an agreement between husband and wife must be such as to convince the court that to enforce the agreement would be unconscionable, the same standard that is applied by courts of equity to the specific enforcement of contracts in other fields. [116 N.J. Super. at 561]
The agreement will be specifically enforced. Alimony as required thereunder in the amount of $85 per week will be charged against defendant retroactive to April 1969. Defendant *42 will be given credit for all payments he made by way of plaintiff's rentals, furniture purchases on behalf of plaintiff and support advances. A judgment should be submitted accordingly.