## THE BRUNSWICK COMPANY v. DART.

| 93 | 747 |
| e118 | 384 |
| 118 | 571 |

1. Where a general agent of a corporation, acting under parol authority, sold land belonging to the company and yielded possession without any condition or restriction as to its use, and the price was paid to the company in full by the purchaser and improvements made by him, he is entitled to a specific performance of the contract as made, and to an unconditional deed from the company, although the agent who made the sale had no authority to make any deed or other conveyance.

2. When one having the right either to sue for damages for a breach of contract, or to proceed for specific performance, elects the latter remedy, and such performance is decreed, he waives his right, if any he had, to collect attorney's fees as damages for bad faith in committing the breach.

June 11, 1894. Argued at the last term.

Petition for specific performance. Before Judge SWEAT. Glynn superior court. May term, 1893.

In July, 1890, W. R. Dart made with W. E. Kay, then the vice-president and attorney for the defendant corporation, a contract for the purchase of a lot of land on St. Simon's island for $200, no condition or restriction upon a fee simple title being mentioned at the time of the agreement. Plaintiff paid the purchase money, took possession and built a dwelling-house on the lot; and when subsequently he called for his deed, he was offered a deed conveying the property to him and duly executed, but providing that neither he nor his heirs and assigns should at any time use the property for the purpose of erecting thereon any building for carrying on any commercial business or for the sale of any liquors thereon, nor should the same be used for any except residence purposes, and any such other use should cause a forfeiture to defendant of the title and right of possession. Plaintiff refused to accept this deed, and demanded that defendant make him a warranty deed without condition or limitation other than as to sale of liquor;

which defendant through its president refused to do. Whereupon this action was brought; and the jury found in favor of the plaintiff, and that defendant had acted in bad faith, in consequence of which plaintiff incurred $50 attorney's fees, which were awarded to him. Defendant's motion for a new trial was overruled.

CROVATT & WHITFIELD and HARRISON & PEEPLES, for plaintiff in error. F. H. HARRIS, and J. L. HARRIS, *contra.*

LUMPKIN, Justice.

The motion for a new trial contains numerous grounds, but the questions upon which the case really turns are succinctly stated in the head-notes.

1. There can be no doubt that Kay was a general agent of the Brunswick Company, and, as such, had a right to make sales of its lots, though not invested with authority to make and execute deeds or other conveyances. It is also true beyond question that he did sell a lot to Dart without any condition or restriction whatever as to its use; that possession of the lot was delivered to the purchaser, the price paid in full, and that the purchaser made valuable improvements upon the lot. Afterwards, the company tendered him a deed containing numerous restrictions and limitations, which Dart declined to accept, but, on the contrary, filed an equitable petition praying for a specific performance of the contract as made. It seems that the company so far recognized the validity of the sale made by Kay as to accept the purchase money, and permit Dart to remain in possession and improve the property, but it desired to incorporate in its deed of conveyance terms entirely unknown to the transaction between its agent and Dart. It had no right to do this, but was bound to convey in accordance with the terms of the sale as made; and therefore, under the evidence, the verdict and decree for a specific performance in Dart's favor were right.

2. The evidence to sustain the finding of the jury that the Brunswick Company acted in bad faith was not very strong, and it is at best doubtful whether Dart really had a right to damages on this ground. But be this as it may, he did not bring his action for damages for a breach of the contract. He had a right to do this, or to proceed for a specific performance. Having elected this latter remedy, he waived his right to collect attorney's fees as damages for bad faith in breaking the contract, the performance of which was decreed in his favor. Section 2942 of the code, which allows in specified cases expenses of litigation as a part of the damages, is applicable to actions for damages sustained in the breach of a contract, but is not applicable where the party stands upon the contract, seeks to have the same enforced specifically, and succeeds in so doing. Consequently, in affirming the judgment, we have ordered the recovery of $50.00 for counsel fees to be written off by the plaintiff below.        *Judgment affirmed, with direction.*