## CAUSEY *et al. v.* CAUSEY.

1. Where an equitable petition is brought against several persons, praying for a cancelation of certain deeds held by them to the property in dispute, as a cloud upon plaintiff's title, and a specific performance of the contract based upon an oral gift made to the plaintiff by his father upon a meritorious consideration and valuable improvements made upon the faith of the gift, and relief is likewise prayed in the petition against a party who holds a deed to the land as security for a loan from one of the defendants, it is not adding a new cause of action to amend the petition by striking the name of such party, and all prayers affecting his interest, and praying that the remaining defendants be required to make plaintiff a conveyance to such equity of redemption and other interest as they, or either of them, might have in the premises.

2. The charge of the court fairly and fully covered the issues in the case, and the verdict was sustained by the evidence.

Submitted November 15,—Decided December 15, 1898.

Equitable petition.   Before Judge Smith.   Dooly superior court.   June 3, 1898.

In 1895 Robert H. Causey brought suit against Mary I. Causey, Julius L. Causey, and one Churchill, alleging, that John Causey, plaintiff's father, being desirous that plaintiff should live near him, offered to give him, if he would remove from Houston county to Dooly county, fifty acres of lot of land number 209 in the latter county, which he (the father) owned and lived upon; and plaintiff accepted the gift (it being made in fee simple, and without any reservation or claim of rent), and upon the faith of it moved immediately to Dooly county, went into possession of the fifty acres, and made valuable improvements thereon.   His father told him that he needed no deed, that he had given plaintiff the place, and all the family knew it.   He was put in possession by his father about July, 1881, and so remained, paying no rent, and working and improving the land, until his father's death, which occurred in August, 1885; whereupon Mary I. Causey, his mother, who had been named in his father's will as executrix and had qualified as such, took charge of the estate, which consisted exclusively of the remaining 150 acres of said lot, and personal property.   In a few months after his father's death, he agreed that his mother, in order to support herself and his two unmarried sisters and his brother, should have the use of his fifty acres, along with the rest of the lot, but did not release his claim to the land, nor was it disputed, his mother promising that she would make him a deed to it as soon as she could "get straight."   She applied for and obtained permission from the ordinary of the county to sell the whole of lot 209, to pay the debts of the estate, etc., and it was advertised and sold on the first Tuesday in December, 1885.   Before the sale, plaintiff remonstrated with her about not making the deed to him, and about selling his part of the lot, but she told him that she would make the deed, that she only wanted to get the matter in shape, buy in the land, and make him the deed.   Relying upon her promises,

he allowed the land to be sold, and it was bought in for her, for $400, by Julius L. Causey, who took a deed to it, and on December 22, 1885, deeded the land to her, he knowing of her promises to the plaintiff, and understanding that the plaintiff had not obtained the fifty acres. Ever since the sale, the defendants, with plaintiff's two unmarried sisters, have continued to live on the lot, the farm being managed by Julius. In 1892 plaintiff's mother made application to the ordinary for letters of dismission as executrix, and filed her final return. Plaintiff objected to her dismission before he obtained his deed, and applied to her again for it; and she told him, if he would let her alone and let her get her letters of dismission, she would make him a deed. Thus no objections were made, and she was granted a discharge; but she has since failed and refused to comply with her promises, being always prevented by Julius L. Causey, who has exercised an undue influence over her, with a view to getting a deed to the lot of land to himself. In April, 1895, plaintiff, having lost faith in her promises, employed attorneys, and upon subsequent investigation found that his mother had, on December 8, 1894, made to Julius a warranty-deed, reserving a life-estate, to the whole of said lot, including the fifty acres, which deed is fraudulent and void, and was made under duress and over-persuasion of Julius. Her discharge as executrix was also fraudulent, having been obtained by means of a legal fraud, the final returns upon which it was based containing various items against the estate which, under the law, were not chargeable to it.

Waiving discovery, plaintiff prayed that the deeds above referred to be canceled as a cloud upon his title; that the discharge of Mary I. Causey as executrix be set aside as fraudulent and void, and that she be required, as such executrix, to specifically perform said contract of gift and make him a good and sufficient title to the fifty acres; also for general relief. It appeared that Julius L. Causey, in 1895, executed a deed to the property to Churchill as security for a loan; and in the petition, as originally filed, relief was prayed as against Churchill, but by amendment the name of Churchill as a party defendant, and all prayers affecting his interest, were stricken

from the petition, and it was prayed that Mary I. Causey and Julius L. Causey be required to make plaintiff a good and sufficient conveyance to such equity of redemption and other interest as they, or either of them, might have in the fifty acres, subject to the right of Churchill. The jury found for the plaintiff. Defendants' motion for a new trial was overruled, and they excepted. The motion alleges, in addition to the general grounds, that the court erred in allowing the amendment before mentioned, over objection that it introduced a new and distinct subject-matter, and was not germane to the original suit; that the prayers therein contained were at variance with the prayers of the original petition; that it varied from the original petition wherein it sets out the original contract; and that the court, in granting specific performance, could compel only what the original contract contemplated.

Error was assigned on the following parts of the charge to the jury : (a) " If you believe, from the evidence in this case, the plaintiff was induced by his father to come from Houston county to this county, that he promised him, in consideration of that fact that he would move and settle near him on the piece of land, fifty acres of land of the lot of land on which he lived, and, in consideration of that promise had, that he moved there and settled on that land and made valuable improvements on it, and remained there for a considerable length of time, his father promising him all the time to make him a deed to the property, that he died without making him a deed, and that his mother afterwards and his brother, if you believe that they knew these facts, and that his mother as executrix promised to make him a deed, and they failed to do it, if you find those facts to be true, it would be your duty to return a verdict for the plaintiff in this case." It was contended that this charge was calculated to prejudice the minds of the jury in favor of the plaintiff against the defendants, and was inapplicable to the issue involved, and unauthorized by the evidence; and that the court should, if such charge was correct in the abstract, have gone further and said to the jury that they should believe these facts to be true beyond a reasonable doubt, or should be convinced of the truth of the same by a

preponderance of the evidence, before they could be authorized to find in favor of the plaintiff. (*b*) "You may look to the witnesses who testified; you may look to the manner in which they testified, look to their interest, look to their relationship to the parties; you may look to the opportunities of the witnesses to know the fact about which they testify, and determine what witnesses are entitled to credit; for the credibility of all the witnesses is for you and your consideration, and in passing on it you may look to the reasonableness or the unreasonableness of the testimony, the probability or improbability, the truthfulness or untruthfulness of their testimony." The error specified is, that this was calculated to prejudice the jury in favor of the plaintiff against the defendants, for the reason that it did not set forth all the rules of law whereby the credibility of witnesses was to be governed.

It was further complained, that the court failed to charge the jury, although it was an issue in the case, that if they believed from the evidence that the property in dispute had been regularly administered on by Mary I. Causey as executrix under the will of her husband, the plaintiff's father, and that the property in dispute had been by such executrix legally administered upon and sold as the property of said estate, and the plaintiff had knowledge or notice by public publication of the application for leave to sell, or of the sale itself, and failed to object to such sale, and the property was so sold as the property of said estate, and the title thereto thus was parted from said estate and from said executrix, then he would be estopped after such sale from asking for specific performance. Also, that the court failed to charge that, in order for the plaintiff to recover, the preponderance of testimony must be in his favor, and as to what would constitute such preponderance; and failed to give a sufficient instruction on the credibility of witnesses.

*Busbee, Crum & Busbee*, for plaintiffs in error.
*J. H. Woodward* and *Thomson & Whipple*, contra.

LEWIS, J. 1. Where an equitable petition is brought against several defendants, the plaintiff certainly has a right to dismiss his action as to one and proceed against the others.

Such an amendment neither adds new and distinct parties, nor a new and distinct cause of action. The fact that the relief prayed against the remaining defendants is not as full and complete as was originally asked in the petition against all the defendants does not render the cause of action set forth in the amendment a separate and distinct one from what was claimed in the original petition. If on the trial of an action for specific performance it should be developed that, without fault of the plaintiff but on account of the defendant himself, a specific performance of the contract is impossible, the court may proceed to assess damages for a breach of the contract. An amendment praying for such damages would not, in contemplation of law, make a new cause of action; for the statute expressly authorizes the granting of such relief even when not contemplated by the original suit. Civil Code, § 4042. Under the preceding section (§ 4041), it is declared that "a want of title, or other inability as to part, will not be a good answer to the vendee seeking performance, who is willing to accept title to the part, receiving compensation for the other." It appears from the record in the case, that the defendants against whom a recovery was had still had some interest in the property, namely, an equity of redemption. We think the plaintiff clearly had a right, under his pleadings, to ask a conveyance of this interest, and, under the section of the code cited, he might have gone still further and asked for damages growing out of the wrong that had been done him by the conveyance of the property to secure a loan. The amendment, however, does not go to this extent, but only seeks a recovery of such interest as still remained in the defendants. The position of plaintiffs in error is tantamount to saying to their adversary, "We have by our wrongful conduct placed you where you can not obtain the entire relief you originally sought, and, therefore, you should have no relief at all. We have placed a portion of the property, or a certain interest therein, where you can not recover it, and, therefore, we have a right to keep what remains." Equity will not tolerate such a defense.

2. Plaintiff's cause of action in this case is not founded upon a mere voluntary agreement or gratuitous promise on the part of

his father.  He was induced by a promise of a gift of the land to leave his business in a remote county, and move upon the land in question; and, upon the faith of the gift, he erected thereon valuable and permanent improvements.  Under § 4039 of the Civil Code equity will decree the performance of such an agreement.  It is true that this action was not brought until after the father's death; but it is alleged that the defendants, who were the wife and son of the father, knew of the contract entered into between the plaintiff and his father, were fully aware of the plaintiff's right to the property, and an understanding and agreement was had that the property should be sold by the mother as administratrix, for the purpose of putting it in such shape that title could be conveyed to plaintiff. The administratrix, after the sale, deeded the property to the other defendant, who, instead of conveying it to the original owner according to agreement, borrowed money upon the land, and conveyed title thereto to secure the loan.  There was no demurrer filed to the petition, and it is not claimed that it does not set forth an equitable cause of action which entitles the plaintiff to the relief that he sought.  The evidence in behalf of the plaintiff sustains all the material allegations in his petition.  The charge of the court was fair, and fully covered the issues of fact involved; and we think, after considering the entire charge, the errors assigned on the portions of it complained of, and on the omission of the court to give certain instructions to the jury upon the weight of evidence and the credibility of witnesses, etc., are without sufficient merit to require any further attention, or any special ruling thereon.

*Judgment affirmed.  All the Justices concurring.*