24538. LEWIS *v.* WARREN.

Decided April 15, 1935.

*Corbitt & Sumner,* for plaintiff in error.  *J. P. Knight,* contra.

Per Curiam.  Mrs. Warren filed suit against Mrs. S. W. Lewis to recover damages for the defendant's failure to comply with an alleged agreement of rescission of a prior contract between the parties.  Plaintiff alleged that she had fully complied with the terms of the agreement and that the defendant had only partly complied with the obligations thereunder.  Plaintiff further alleged that she had deeded to the defendant a certain house and lot at an agreed value of $1000, and had surrendered possession thereof to the defendant in consideration of the possession of eighty acres of land and a bond for title thereto, for which she had given the defendant three notes of five hundred dollars each; that when the first of the notes became due, she was unable to pay the same, and defendant proposed that they "rue back" the trade, that is, that plaintiff surrender the farm and her bond for title to defendant, and defendant surrender the notes and make a deed to plaintiff to the house and lot, and surrender possession thereof to plaintiff, which was agreed to; and that plaintiff surrendered the farm in accordance with the contract, but that defendant only surrendered the notes and refused to surrender possession of the house and lot or to make a deed thereto; that written demand was made for such surrender, and suit was filed to compel specific performance of the contract; that subsequently to the demand the house burned and defendant collected $2000 insurance thereon, and the suit was amended, praying damages solely for the breach of the contract.

"If, for any cause, the specific performance is impossible, or the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract." Civil Code (1910), § 4639. In *Causey* v. *Causey,* 106 *Ga.* 188, 193 (32 S. E. 138), it was said: "If on the trial of an action for specific performance it should be developed that, without fault of the plaintiff, but on account of the defendant himself, a specific performance of the contract is impossible, the court may proceed to assess damages for a breach of the contract. An amendment praying for such damages would not, in contemplation of law, make a new cause of action; for the statute expressly authorizes the granting of such relief even when not contemplated by the original suit." The petition was not subject to the demurrer urged. The value of the house and lot was alleged in the original petition to be $2250. It was alleged that a deed to this house, together with notes in the sum of $1500, were given for the eighty acres of farm land, for which a bond for title was given. A surrender of the bond for title and possession of such land itself import a consideration and that it was worth more than the notes surrendered. The petition set out the terms of the alleged contract and alleged a full performance thereof by the plaintiff; a part performance by the defendant, and a refusal of full performance by the defendant. The other grounds of the demurrer were without merit.

It is true that where a suit for specific performance is amended into an action for damages, the same rule applies as to the establishing of the case by evidence, that is, "where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly and satisfactorily as to leave no reasonable doubt as to the agreement." *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212); *Gordon* v. *Spellman,* 148 *Ga.* 394 (96 S. E. 1006); *Printup* v. *Mitchell,* 17 *Ga.* 558 (63 Am. D. 258). There was a sharp conflict in the evidence as to the terms of the alleged contract of rescission, but the jury found in favor of the plaintiff in the sum of $1000 and interest thereon from the date of the alleged agreement of rescission.

In the motion for a new trial error is assigned upon the charge of the court as follows: "The court charges you that the burden is upon the plaintiff to make out his case or her case by a pre-

ponderance of the evidence in the case." This charge was followed by a definition of "preponderance of the evidence." In *Pattillo* v. *Mangham,* 176 *Ga.* 51 (166 S. E. 641), which was a suit brought for the recovery of land and defended upon the ground that the deceased owner had made an oral contract with the defendant to give him the land if he would take care of him in his old age, and the defendant had performed his part of the contract, the Supreme Court held that the following charge was error: "Therefore the burden is upon the defendants to prove by a preponderance of the testimony their right, under the contract, to own and possess the property." It was said in the opinion: "It has been repeatedly held by this court that in order to prove a parol contract for land, so as to entitle one to specific performance, the contract must be established so clearly and satisfactorily as to leave no reasonable doubt on the minds of the jury. [Citations.] The charge complained of does not state the correct rule in cases like the present, and even if the court subsequently gave the correct charge, this would not cure the error complained of." Under this ruling we hold that the charge complained of was error, although the judge subsequently charged the correct rule.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur. Guerry, J., dissents.*

GUERRY, J., dissenting. I do not think, when the charge of the court is taken as a whole, that the charge excepted to is error. The court, following the charge complained of, charged: "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, so strongly and satisfactorily, as to leave no reasonable doubt as to the agreement. I charge you that there can be no recovery by the plaintiff, under the allegations of her petition, until the plaintiff has proven to your satisfaction by a preponderance of the evidence clearly and strongly and satisfactorily as to leave no reasonable doubt upon your mind that there was an express contract, that is, express parol contract, entered into between Mrs. McDowell and Mrs. Lewis that Mrs. Lewis was to deed this house and lot back to her when those notes were surrendered, or thereafter. If you find that there was a specific contract, and you find that beyond a reasonable doubt that Mrs. McDowell was to have her property deeded back to her in town, then you would go further in this case. If you do not find that there

was a contract whereby Mrs. McDowell was to have her city property back when they rued back, your deliberations would stop there, and you would find a verdict straight in favor of the defendant. But if you find there was a contract, and Mrs. McDowell was to have her land back here in the city, her house and lot, and that Mrs. Lewis was to deed it back under the agreement, then you would go further and consider the proposition; and if Mrs. McDowell was put in position later, on account of the fire, that she could not have the property decreed back to her, that is, the house and lot, then she would be authorized to recover damages, and such damages as the jury think that she is entitled to as the cash value of the house and lot. But, before you can find in her favor, you have first got to find this specific agreement to convey this land back to her. Then, if there was a specific agreement to that effect, then you would go further and determine the value of what damages she is entitled to recover in the case, which would be the cash value of the house that was destroyed by the fire." It will be noted that in the *Pattillo* case cited in the majority opinion, the only issue was the establishment of the parol contract relied on, and the court said: "Therefore the burden is upon the defendants to prove, by a preponderance of the testimony, *their right, under the contract,* to own and possess the property." The establishment of the contract was the only issue in the case. In the present case there was a question of the value of the property and damage as well as the establishment of the contract. It is true that these questions could not arise unless the contract were established. The court charged, as the court was bound to do in all civil cases, the preponderance-of-evidence rule. It was adapted to the case in its entirety. In my opinion it would have been error not to have given the rule in charge. The charge fully and correctly sets forth the degree and kind of proof necessary to prove the contract. Nowhere in the charge does the court tell the jury that the plaintiff's "right, under the contract, to own and possess the property" must be shown by a preponderance of the evidence, as was done in the *Pattillo* case. It is true that the court did not in the same sentence limit the preponderance-of-evidence rule. It would have perhaps been less subject to criticism if the court had stated the rule in respect to the character and degree of evidence necessary to prove the contract, and then limited the preponderance-of-evidence rule to the

other issues in the case. However, to my mind there was not the slightest possibility for a misconstruction or misunderstanding of the court's meaning, and the charge complained of was not error.