28277. KEITH v. KEITH.

JORDAN, Justice. Harry Lewis Keith, appellant in this case, filed for divorce in the Superior Court of Fulton County on April 28, 1971. Appellant's wife at that time, Betty Smelly Keith, appellee here, filed no answer to the complaint but did sign a property agreement with appellant, said agreement being made the temporary and permanent decree of the court as to permanent alimony, division of personal property and attorney fees. Along with the property agreement Mrs. Keith signed an acknowledgment of service of the complaint and waived any further service in the case. Mrs. Keith also signed an acknowledgment of representation in which she stated that she understood that her husband's attorneys were representing him alone, and that it was her decision not to procure the services of another attorney after being advised to do so. The trial judge granted the divorce on September 2, 1971.

Almost a year and a half after the divorce decree, on February 26, 1973, Mrs. Keith, appellee, filed a complaint in the Fulton County Superior Court, asking that the original divorce decree and agreement be set aside. She alleged in this complaint that by reason of appellant's fraud and duress she was prevented from

obtaining legal counsel sufficient to protect her interests; that the property agreement, made part of the final decree, was manifestly inequitable, and that except for the fraud and duress practiced by appellant, she would have obtained legal counsel in the divorce action and would not have signed the property agreement. She prayed for a jury trial and that a rule nisi issue requiring appellant to appear before the Fulton Superior Court and show cause why her demands should not be granted. The hearing before the trial judge was held on April 20, 1973. Prior to the calling of any witnesses the question of the jury trial came before the court. Appellee waived the right to a jury trial, although as stated earlier, she had requested one. The appellant, at that time, stated that he had been relying on appellee's petition asking for a jury trial, and that he too requested one, on the grounds that appellee's complaint went directly to the question of fraud and was therefore a question for a jury. Appellant then made a motion to dismiss the rule nisi hearing and deny temporary relief on the grounds that the question of fraud was one for the jury, and not within the province of the court. The trial judge overruled appellant's motion, and after presentation of the evidence and hearing arguments for both sides the court granted appellee's motion to set aside the divorce decree and property agreement.

The appellant claims error in the trial court's denial of his motion to dismiss on the grounds that on the factual issues of fraud and misrepresentation he had a right to a trial by jury, and that the judgment entered in the matter was against the weight of the evidence and contrary to both law and justice. *Held:*

1. We affirm. Code Ann. § 81A-160 (e) provides that: "Complaint in *equity* may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." In filing her petition to have this divorce decree and agreement set aside for fraud and misrepresentation the appellee invoked the equitable powers of the court. There is no constitutional right to a jury trial in equity cases. Such a right, so far as it exists, is statutory in nature. See *Flournoy v. Flournoy,* 228 Ga. 224 (184 SE2d 822) and cits.; *Williams v. Overstreet,* 230 Ga. 112 (195 SE2d 906) and cits. In view of these cases and Code Ann. § 81A-160 (e) it is clear that there was no error in the trial judge proceeding to hear the matter sitting as both judge and jury. See *Lott v. Lott,* 213 Ga. 559 (2) (100 SE2d 170).

2. The appellant also asserts in his enumeration of errors that the judgment was not supported by the evidence. This enumeration is without merit. There was evidence in the record that appellant beat appellee and her children in order to have them comply with his wishes, as well as evidence to support the allegations of fraud and misrepresentation. The evidence amply authorized the trial judge's decision, and we find no error in the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

Submitted September 14, 1973 — Decided October 5, 1973.

*Rich, Bass, Kidd & Broome, R. Hopkins Kidd,* for appellant.
*James W. Lewis,* for appellee.

