## 33597. HOWELL v. HOWELL.

BOWLES, Justice.

This appeal is from an order of the trial court denying the appellant's motion to set aside a judgment awarding custody of the parties' minor child to the appellee.

The parties were divorced by order of the trial court on September 2, 1975. Prior to that order, the parties entered into an agreement which purported to resolve all issues of alimony and child custody between them. The agreement provided in part that, "The husband shall have full custody and control of the minor child of the parties, provided, however, the wife shall have the right to visit with the child and to have the child visit with her at reasonable times and under circumstances that are reasonable, considering always, the general welfare of the child." This agreement was approved by the trial court and made a part of the final decree of divorce.

On June 16, 1977, appellant filed a complaint in equity to set aside that portion of the divorce judgment awarding custody, alleging that she was fraudulently induced to sign the settlement agreement by which she voluntarily relinquished custody of her child. The trial judge after hearing evidence on the issue found no fraud.

He refused to set the judgment aside, but modified the original decree so as to establish specific visitation times for appellant. We affirm.

In his order, the trial judge stated that while the testimony was conflicting, he found no fraud perpetrated upon appellant or the court. The testimony of both the husband and counsel for the husband was that appellant signed the agreement voluntarily, that it was read to her and explained in detail. The circumstances surrounding the conduct of the parties strongly pointed to the fact that appellant had knowledge at the time she signed the agreement that appellee would have custody of the minor child.

We have reviewed the record and find evidence to support the findings of the trial judge. Therefore, we affirm his order refusing to set aside the judgment awarding custody of the parties' minor child to appellee.

As appellant's action was equitable in nature, it was not error for the trial judge to hear the matter without a jury. *Keith v. Keith,* 231 Ga. 230 (1) (200 SE2d 891) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 19, 1978 — DECIDED SEPTEMBER 8, 1978.

*Joseph S. Crespi,* for appellant.
*Kenneth R. Brown,* for appellee.