## 35057. BURNS & LEDBETTER, INC. et al. v. PRIMARK MARKING COMPANY et al.

JORDAN, Justice.
This is an appeal from the grant of defendants' motion for summary judgment against a complaint in equity seeking to set aside a default judgment.
Appellee Primark sued appellants Burns & Ledbetter and certain named individuals on an open account alleging indebtedness to it in the amount of

$34,690.43 plus interest. Appellants filed an answer and counterclaim. The registered agent for Burns & Ledbetter, and one of the individual defendants, Fred W. Burns, III, decided to change lawyers. After an initial meeting between Burns and his new counsel, the attorney allegedly phoned the attorney for Primark to suggest a "wash" of the complaint and counterclaim — that is, a voluntary dismissal of both actions in exchange for mutual releases of the parties. According to the new attorney, the attorney for Primark stated that his client might be interested, *that he would take no further action until discussing it with his client and would get back in touch with him regardless of his client's answer.* The attorney for Primark denies that any such conversation took place.

At any rate, appellants' counsel failed to notify the court that he had become the attorney of record and did not notice that this case had been placed on the trial calendar published in the Fulton County Daily Report. Six months after the alleged discussion suggesting the "wash" between opposing counsel, a default judgment was entered against appellants in the amount of $38,789.18 plus costs, neither appellants nor their attorney appearing at trial.

Approximately six months after the entry of the default judgment, appellee attempted to enforce it, this being, apparently, the first indication to appellants of what had happened. In March, 1978, appellants filed a complaint in equity to set the default judgment aside claiming that Primark and its attorneys had "knowingly failed to inform plaintiffs of [their] intention to proceed with [their] claims . . . in accordance with the terms of the understanding between Defendants and the Plaintiffs . . ." A hearing was held on Primark's motion for summary judgment, which was granted. Burns & Ledbetter appeal. We affirm.

1. The statutory basis for appellants' complaint is Code Ann. § 81A-160 (e) which provides that a judgment may be set aside *in equity* for fraud, accident or mistake or the acts of the adverse party unmixed with the negligence of the complainant. Though the trial judge's order contains no reason for its issuance, appellants contend

that he must necessarily have found appellants negligent as a matter of law for not having appeared at trial and for their attorney not having notified the court that he was attorney of record. Since the question of negligence is one, almost always, for the jury, they reason, the trial judge could not have found them negligent as a matter of law without invading the province of the jury.

We cannot agree with this argument. In *Keith v. Keith,* 231 Ga. 230 (200 SE2d 891) (1973), this court, construing Code Ann. § 81A-160 (e), held that there is no constitutional right to a jury trial in equity cases. We said: "In view of [cases cited] and Code Ann. § 81A-160 (e) it is clear that there was no error in the trial judge proceeding to hear the matter sitting as both judge and jury. [Cit.]" Similarly, the case of *Howell v. Howell,* 242 Ga. 108 (249 SE2d 595) (1978), involved a suit in equity to set aside an award of custody reached by agreement allegedly induced by fraud. Though, ordinarily, questions of fraud are to be decided by the jury, this court held that no jury was required because the action was equitable in nature, citing *Keith,* supra.

2. The contention of appellants that if this case is one involving the question of professional negligence of appellants' attorney then expert opinion testimony would be required is without merit. This is not a legal malpractice case, and the issue of professional negligence is not involved.

3. Appellants cite six cases in support of their theory that the default judgment should be set aside because appellees "lulled" them into inaction by intentionally misleading them into thinking that no further action would be taken in the matter until counsel for Primark got back in touch with counsel for appellants. However, in three cases cited by appellants, the court found that fraud was involved: *Beverly v. Flesenthall Bros.,* 142 Ga. 834 (83 SE 942) (1914); *Bigham v. Kistler,* 114 Ga. 453 (40 SE 303) (1901); *Dodge v. Williams,* 107 Ga. 410 (33 SE 468) (1899). In one, *McGinnis v. Scheer,* 182 Ga. 684 (186 SE 804) (1936), the attorney for the plaintiff told the defendant that "the summons had been abandoned and the case would be dismissed, and that it was not necessary for him to file any plea or answer." Thereafter, a default judgment

was entered against the defendant, which the court set aside.

In another, *Wilderson v. Helena Chemical Co.,* 239 Ga. 271 (236 SE2d 620) (1977), counsel for the defendant had specifically agreed to withdraw defensive pleadings allowing plaintiff to obtain a judgment on the pleadings. After he breached this agreement, the case was dismissed for want of prosecution when called for trial. The court, citing *Bigham,* supra, one of the cases involving fraud, allowed the judgment dismissing the action to be set aside.

Finally, the case of *Tri-State Systems, Inc. v. Village Outlet Stores, Inc.,* 135 Ga. App. 81 (217 SE2d 399) (1975), supports the appellees' position in its entirety.

In conclusion, we might add that as to one underlying issue in this case concerning the notice given in the publication of the trial calendar in the Fulton County Daily Report, nothing in this opinion is in conflict with what we said in *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979). Appellants do not show that the trial judge in granting appellees' motion for summary judgment in any way failed to take all the circumstances of the default judgment into account, which he should do in a case brought before him under Code Ann. § 81A-160.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 26, 1979.

*Paul M. Hawkins, H. Lane Young,* for appellants.
*Malcolm D. Young, Jr., Peter J. Anderson,* for appellees.