## 35084, 35400. GOLDEN et al. v. FRAZIER et al.; and vice versa.

JORDAN, Justice.

These appeals arise from a directed verdict of specific performance and a jury verdict awarding attorney fees in favor of Mr. and Mrs. Frazier, plaintiffs-appellees.

The Goldens planned to move to Dalton, Georgia from West Virginia, and through two Dalton realtors contracted to buy a house from the Fraziers. The Goldens' plans changed, and they failed to close on the property. The Fraziers filed suit against the Goldens and the two realtors demanding specific performance, plus actual and punitive damages, or in the alternative, breach of contract damages, and attorney fees, and demanded that the realtors deposit $750 earnest money into the registry of the court and that the court declare each party's right as to this money and as to which party would be required to pay the realtors' commission. The realtors counterclaimed and cross claimed admitting that they were unsure as to which party owed them, and they did deposit the $750 into the registry of the court.

At the close of the trial, the trial judge directed a verdict for the Fraziers on the specific performance issue, the evidence showing that the contract had been signed and complied with and that the plaintiffs were ready, willing and able to perform, and submitted the issue of attorney fees to the jury. The jury returned a verdict of

$2,750 in favor of the Fraziers. By overruling the Fraziers' motion for directed verdict on the liability for the realtors' commission, the trial judge left that issue to be determined through construction of a clause in the contract specifying which party would be liable for the commission based upon certain conditions. Appellees appealed that ruling to the Court of Appeals. That case, on motion, was transferred to this court and is consolidated with this appeal as Case No. 35400.

1. Appellants contend that the trial judge erred in granting a directed verdict for specific performance because the appellees did not have legal title at the time of closing as there was an outstanding deed to secure debt on the property; that a letter from the exterminator did not comply with the terms of the contract and the description of the property contained the wrong land lot number. None of these contentions has merit.

The record shows that the appellees received a cancellation of their security deed from the bank on the day of closing; and that the letter from the exterminator covered the treatment called for by the contract. The contract described the property in full except that it referred to the property as being in Land Lot 116 rather than Land Lot 113. This was apparently a typographical error and the other description of the property was sufficiently certain to make identification practicable. *King v. Brice,* 145 Ga. 65 (88 SE 960) (1916).

Finally, because the Fraziers made claim to the earnest money in their complaint against the realtors, the Goldens argue that the Fraziers should receive only one-half of the earnest money in full settlement of their claim. The Fraziers maintain that at no time did they ever "claim" half the earnest money in full settlement of their claim and that they merely asked for a declaration of each party's rights with regard to the earnest money.

However, in their answer to the realtors' counterclaim, the Fraziers, admitted that they had made claim to the $750. The Fraziers, at all times, have argued that their foremost prayer for relief was for the specific performance of the contract. Notwithstanding these assertions, the plain language of the contract, that the realtors *may* pay sellers half the earnest money if "seller

claims balance as seller's liquidated damages in full settlement of any claim for damages," means that the sellers would have to have claimed the money intending it as full settlement for any damages. Furthermore, there is no evidence that the realtors, at whose option the money would be paid, had any intention of delivering the $375 to the Fraziers. This was not a barrier to the trial judge's order of specific performance.

So long as the contract for the sale of land is in writing, signed by other parties, is certain and fair, for adequate consideration, and capable of being performed, a court of equity can decree that it be specifically performed. *Plemons v. Belcher,* 231 Ga. 814, 815 (204 SE2d 120) (1974). The trial court was authorized in directing a verdict of specific performance in this case.

2. Appellants enumerate as error the denial of their directed verdict on the issue of attorney fees. Citing the case of *Brunswick Co. v. Dart,* 93 Ga. 747 (20 SE 631) (1894), appellants contend that the election of specific performance as a remedy acts as a waiver to bar an award of attorney fees. Appellant is correct that this was the holding of *Brunswick Co.,* though the opinion offers no reasoning as to why the two forms of relief would be considered inconsistent. The factual situation of this case offers strong argument for a different rule.

The trial judge submitted the issue to the jury charging them on Code Ann. § 20-1404, and the jury returned its verdict for $2,750. Under all the circumstances and considering the time and expense that these appellees have been put to in order to enforce the contract voluntarily entered into by the appellants, we find no cogent reason to deny them the amount for attorney fees awarded to them by the jury simply because the specific performance of the contract was also decreed. Consequently, anything said to the contrary in *Brunswick Co.,* supra, is specifically overruled.

3. The final judgment in this case afforded the appellees further relief the appellants claim is inconsistent with a verdict of specific performance. For example, the trial judge ordered the appellants to reimburse the appellees for insurance coverage on the house from the date of the intended closing to the date of

the actual closing, among other charges. Appellants claim that the appellees cannot have this contract specifically performed and receive damages for its breach.

One commentator has noted that "specific performance at the end of a protracted litigation under compulsion is practically never full performance of the contract; instead, there has been an extensive and injurious partial breach. In such a case, the court should decree the payment of damages for the partial breach that has already occurred, even though obedience of the decree will prevent the commission of further breaches . . ." 5A Corbin on Contracts 473, § 1222 (1964). Accord, Zimmern v. Williams, 67 S 277 (Ala. S.C., 1914). Since we have found no authority in Georgia which addresses this issue, we find this reasoning persuasive and hold that the incidental damages awarded the appellees in order to make them whole are not inconsistent with the decree of specific performance.

Appellants claim, however, that the appellees never asked for the relief given them by the trial judge and that the evidence at trial did not authorize the award. On the contrary, the Fraziers alleged in their complaint that the Goldens "have caused damage to [them] by way of attorney fees, increased interest payments, costs and expenses by virtue of their lawful [sic] breach of contract . . .," and demanded judgment against the Goldens for this damage. Furthermore, Code Ann. § 37-1203 provides that a "superior court shall have full power to mould its decrees so as to meet the exigencies of each case[.]" The trial judge narrowly tailored the final order so as to place the parties in as nearly the same position they were in before the Goldens' breach and committed no error in doing so.

4. As to the appeal in Case Number 35400, the Fraziers now must stand upon the contract which is to be enforced as written. The contract provides that "Seller agrees to pay Broker the full commission when the sale is consummated. . . . Purchaser agrees that if Purchaser fails or refuses to perform any of Purchaser's covenants herein, Purchaser shall forthwith pay Broker the full commission . . ." The argument that the Goldens, having declared their intention not to comply with the terms of the contract, have failed to perform and must, therefore,

pay the brokers' fee is without merit. The contract will be enforced, and the Fraziers will bear the contractual obligation of paying the commission to the brokers.

*Judgment affirmed in both cases. All the Justices concur.*

35084, SUBMITTED JUNE 22, 1979; 35400, SUBMITTED SEPTEMBER 14, 1979 — DECIDED NOVEMBER 5, 1979 — REHEARING DENIED NOVEMBER 21, 1979 IN CASE NO. 35084.

*Smith, Shaw, Maddox, Davidson & Graham, James D. Maddox, Kenney, Kemp, Pickell, Avrett & Sponcler, Allen F. Wallace,* for Golden et al.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr., Kinney, Kemp, Pickell, Avrett & Sponcler, Allen F. Wallace,* for Frazier et al.