## 45009. CLAYTON et al. v. DEVERELL et al.

(362 SE2d 364)

MARSHALL, Chief Justice.

This is an action for specific performance of a contractual agreement to settle a dispute concerning two tracts of real estate located in the City of Chatsworth, Murray County, Georgia.

This suit was instituted by the appellees, who are Euna Clayton Deverell, Cecil Deverell, and E. Crawford McDonald. The appellants-defendants are Aileen B. Clayton and Frances Murray. In a previous year's support proceeding, appellee Euna Clayton Deverell has been adjudicated to be the common-law wife of the deceased son of appellant Aileen Clayton. Appellant Frances Murray is the sister of the deceased.

In their petition, the appellees contend that the two appellants agreed to release their claimed interest in the subject property in consideration of payment by the appellees of $25,000. They seek an award of specific performance, as well as an award of attorney fees under OCGA § 13-6-11, consequential damages, and punitive damages.

Appellant Frances Murray contends that she did not authorize her mother to settle her claim to the property and that the settlement agreement was entered into without her knowledge or consent. However, during the course of this litigation, both appellants consented to a settlement agreement containing the same terms as the original agreement. When the appellants failed to perform the second settlement agreement, the appellees requested the trial court to order enforcement of this latter agreement through issuance of a decree of specific performance. The appellants filed a demand for jury trial.

The trial court ruled that it would sever all damage issues from the equitable issues in the case. After conducting a nonjury evidentiary hearing, the trial court entered judgment awarding the appellees a decree of specific performance of the agreement.

After denial of their motion for new trial, the appellants filed a motion requesting the trial court's issuance of a certificate of immediate review. In the motion, the appellants noted that they were in a quandary as to whether or not the specific-performance judgment is a final judgment subject to immediate appeal, and they requested that the judgment be held to be immediately appealable as a final judgment. The trial court granted the motion for certificate of probable cause to appeal, and we granted the application for discretionary appeal. *Held:*

For reasons which follow, we affirm and remand for further proceedings consistent with this opinion.

1. The specific-performance award, at least with respect to the second settlement agreement, is certainly supported by the evidence.

"In *Reed v. Dougherty*, 94 Ga. 661 (20 SE 965), it was held: 'One who has made a contract for the sale and conveyance of land, the agreed purchaser never having entered into possession nor taken a conveyance, has his election of two remedies, if the contract be binding upon the other party. He may either proceed in an equitable action for specific performance, or bring an action at law for damages for breach of the contract.' See *Morris v. McKee*, 96 Ga. 611 (24 SE 142); *Crim v. Southern Realty &c. Corp.*, 38 Ga. App. 502 (144 SE 342). In order to entitle one to recover damages in lieu of specific performance, the complainant must prove his right to the latter remedy. *Tippins v. Phillips*, 123 Ga. 415 (51 SE 410); *Prater v. Sears*, 77 Ga. 28." *Loewus v. Eskridge &c., Inc.*, 175 Ga. 456, 460 (165 SE 576) (1932).

2. However, *Loewus*, citing *Boney v. Cheshire*, 147 Ga. 30 (92 SE 636) (1917), goes on to hold that, "[s]pecific performance and damages are not inconsistent remedies and may be pursued in the same action." 175 Ga. at p. 460. This statement is not altogether true.

Division 1 of *Boney* holds only that the petition in that case was "not open to the criticism that it is multifarious because it asks for both specific performance of the contract and damages for the alleged breach thereof." 147 Ga. at p. 30. But, it was noted in *Boney* that the petition in that case was phrased in the alternative. Also cited in *Boney* was § 4639 of the Civil Code of 1910 (OCGA § 23-2-135), providing: " 'If, for any cause, the specific performance is impossible, or the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract.' " *Armor v. Stubbs*, 150 Ga. 520 (104 SE 500) (1920); *Causey v. Causey*, 106 Ga. 188, 193 (32 SE 138) (1898); *Lewis v. Warren*, 51 Ga. App. 135 (179 SE 918) (1935).

Properly construed, this statutory provision now contained in OCGA § 23-2-135 authorizes a trial court to award damages in lieu of, rather than in addition to, specific performance if, for any cause, the specific performance is impossible, or if the vendee declines to accept a performance in part. *Loewus v. Eskridge &c., Inc.*, supra; *Prater v. Sears*, 77 Ga. 28, supra.

3. The general rule is that specific performance is an extraordinary, equitable remedy, which will only be granted if the complainant does not have an adequate remedy at law. OCGA § 23-2-130. *Gabrell v. Byers*, 178 Ga. 16 (172 SE 227) (1933). However, where the vendor or other complaining party is entitled to specific performance, it is accurate to state that he "has his election between specific performance and damages." *Loewus*, supra, 175 Ga. at p. 460. Thus, although the plaintiff is allowed to pursue alternative remedies of specific performance and damages, if the plaintiff obtains an award of specific performance, he certainly is not also entitled to an award of damages

which would have resulted from the defendant's failure to perform the parties' contract.

4. However, this does not mean that an award of specific performance automatically preclud,es an award of any monetary damages. In *Golden v. Frazier*, 244 Ga. 685, 687 (2) (261 SE2d 703) (1979), this court, "overrul[ing]" *Brunswick Co. v. Dart*, 93 Ga. 747 (2) (20 SE 631) (1894), held that an award of specific performance does not necessarily bar the plaintiff from recovering attorney fees incurred by the plaintiff as a result of having to bring the action because of the defendant's refusal to perform his contractual obligations. In *Golden*, citing 5A Corbin on Contracts 473, § 1222 (1964), we also held "that 'specific performance at the end of a protracted litigation under compulsion is practically never full performance of the contract; instead, there has been an extensive and injurious partial breach. In such a case, the court should decree the payment of damages for the partial breach that has already occurred, even though obedience of the decree will prevent the commission of further breaches . . . .' " 244 Ga. at p. 688 (3).

5. Here, as previously stated, in addition to an award of specific performance, the appellees seek consequential and punitive damages, as well as an award of attorney fees under OCGA § 13-6-11.

(a) Section 13-6-11 provides, "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." See also OCGA § 9-15-14; *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986).

Consequently, the award of specific performance does not, as a matter of law, bar the appellees from recovering the claim for attorney fees.

(b) "Unless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts." OCGA § 13-6-10.

This statutory provision has been interpreted to mean that in an action for breach of contract, punitive damages cannot be awarded in the absence of evidence showing tortious conduct on the part of the defendant. " 'To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (1) (45 SE 1000) (1903)." *Speir Ins. Agency v. Lee*, 158 Ga. App. 512, 514 (3) (281 SE2d 279) (1981). However, mere bad faith on the part of the defendant in an action arising on a contract does not in itself authorize a punitive damage award. *Nestle's Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328

(3) (265 SE2d 61) (1980).

Thus, the award of specific performance does not, as a matter of law, bar the appellees' punitive damage claim. However, we do note that the evidence contained in the present record is insufficient to authorize the appellees' recovery on their punitive damage claim.

6. "The right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party." Art. I, Sec. I, Par. XI (a) of the Georgia Constitution of 1983.

Under the foregoing state constitutional provision, the right to a jury trial shall remain "inviolate" with respect to cases as to which there was a right to jury trial under common law at the time of incorporation of this provision into the Georgia Constitution. *Wright v. Davis*, 184 Ga. 846 (193 SE 757) (1937); *Strange v. Strange*, 222 Ga. 44 (148 SE2d 494) (1966).

"There is no constitutional right to a jury trial in equity cases. Such a right, so far as it exists, is statutory in nature. See *Flournoy v. Flournoy*, 228 Ga. 224 (184 SE2d 822) and cits.; *Williams v. Overstreet*, 230 Ga. 112 (195 SE2d 906) and cits." *Keith v. Keith*, 231 Ga. 230, 231 (1) (200 SE2d 891) (1973).

Consequently, it was held in *Keith* that where the plaintiff filed a complaint in equity under Code Ann. § 81A-160 (e)[1] to set aside a judgment for fraud, the trial court did not err in denying the defendant's demand for a jury trial and proceeding to hear the matter sitting as both judge and jury. In *Burns & Ledbetter, Inc. v. Primark Marking Co.*, 244 Ga. 341 (1) (260 SE2d 58) (1979), we acknowledged that the questions of fraud presented in *Keith*, as well as in *Howell v. Howell*, 242 Ga. 108 (249 SE2d 595) (1978), are ordinarily jury questions, just as the question of negligence presented in *Ledbetter* is almost always a jury question. Nonetheless, we held that, since the action in each case was in equity, there was no right to jury trial, notwithstanding the necessity for resolution of ancillary legal issues.

However, in *Cawthon v. Douglas County*, 248 Ga. 760 (1) (286 SE2d 30) (1982), although we recognized that there is no right to a jury trial in equity cases, the court also rendered two additional holdings. First, the court, citing *Guhl v. Davis*, 242 Ga. 356 (249 SE2d 43) (1978), and OCGA § 9-11-49, held that in equity cases the trial court, as a matter of discretion, may seek a jury's aid as a fact-finding body by requiring the jury to hear evidence and return a special verdict

---

[1] Code Ann. § 81A-160 became OCGA § 9-11-60, and OCGA § 9-11-60 was amended in 1986 to, among other things, eliminate complaints in equity for relief from judgments, although under § 9-11-60 (d) (2) a motion may be brought to set aside a judgment upon, inter alia, fraud.

containing findings resolving specific factual disputes. Second, the court in *Cawthon* held that OCGA § 9-11-65 (a) (2) does extend a statutory right to jury trial as to claims for damages tried in a case in equity.

Therefore, the appellants do have the right to a jury trial with respect to the legal issues of damages in this equitable action for specific performance of a contract.

7. In sum, we hold that the trial court did not err in entering the award of specific performance, and that the trial court's severance of the equitable and damage issues was correct in that there exists a statutory right to a jury trial with respect to the question of damages in this action in equity. Cf. *Solleck v. Laseter*, 124 Ga. App. 131 (183 SE2d 86) (1971). As previously stated, the award of specific performance does not, as a matter of law, preclude the appellees-plaintiffs from obtaining an award of damages.

For these reasons, the judgment of specific performance is affirmed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment of specific performance affirmed and case remanded for resolution of appellees' damage claims. All the Justices concur.*

DECIDED DECEMBER 1, 1987.

*Albert C. Palmour, Jr.,* for appellants.
*Michael D. Hurtt,* for appellees.