## A90A0476, A90A0477. BARNETT v. MORROW et al.; and vice versa.
(396 SE2d 11)

BEASLEY, Judge.

Defendant Barnett appeals from the award of attorney fees pursuant to OCGA § 13-6-11, while plaintiffs Ronald and Bonnie Morrow cross-appeal on the ground that the same award was insufficient.

The Morrows brought a complaint against Barnett in two counts, one for specific performance of a real estate sales contract and the other for damages for breach of the sales contract. Under both counts

plaintiffs sought to recover the expenses of litigation including attorney fees.

Plaintiffs had entered into the contract in November 1987 whereby they were to sell their residence to Barnett, a developer, for $120,000. As part of the agreement, Barnett deposited $5,000 as earnest money. Under the terms of the contract if purchaser Barnett defaulted then seller could elect to either require purchaser to specifically perform his obligations or retain the earnest money as liquidated damages because seller's actual damages were difficult, if not impossible, to ascertain. The contract also provided that purchaser would give seller written notice of any objection to the marketability of title. No notice was sent to plaintiffs prior to the date of closing. When the time for closing arrived, defendant refused to honor the agreement and also refused to close at a subsequent time offered by plaintiffs. Suit followed.

Barnett answered and counterclaimed on the basis of fraudulent misrepresentations. He demanded the return of his earnest money. During the pendency of the proceedings, plaintiffs obtained a buyer for their property and sold it. After discovery, they moved for summary judgment both as to their claim and as to defendant's counterclaim. The trial court held there were no grounds for the counterclaim and no basis for defendant's refusal to honor the contract. Summary judgment was granted in favor of plaintiffs as to the counterclaim and partially as to count two of their complaint. The only damage ruled recoverable was the earnest money; litigation expenses, including attorney fees, were ruled not recoverable under that count. As to count one, the court decided that specific performance had been eliminated as a remedy because of the sale of the property but that a jury issue remained regarding litigation expenses. The issue was tried by the bench by agreement, and the court awarded $6,119.

Defendant contends the court erred in holding that plaintiffs could recover expenses associated with the specific performance count of their complaint and in awarding the sum ordered.

OCGA § 13-6-11 states that expenses of litigation generally shall not be allowed as a part of the damages, but may be allowed where specially pleaded and prayed for and where defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense. They are ancillary and recoverable only in cases where other elements of damages are recoverable. *Cleary v. Southern Motors*, 142 Ga. App. 163, 165 (1) (235 SE2d 623) (1977); *Connell v. Houser*, 189 Ga. App. 158, 160 (5) (375 SE2d 136) (1988); *Liberty Mut. Ins. Co. v. Coburn*, 132 Ga. App. 859, 862 (209 SE2d 655) (1974); *Terry v. Wonder Seal Co.*, 120 Ga. App. 423 (4) (170 SE2d 745) (1969). As held in *Willis v. Kemp*, 130 Ga. App. 758, 761 (7) (204 SE2d 486) (1974): "plaintiff was not enti-

tled to attorney fees, for he had to recover other elements of damage before he could recover attorney fees."

The Supreme Court has permitted the recovery of attorney fees in equity cases where there was no monetary recovery but where equitable relief was granted, such as specific performance or injunction. *Clayton v. Deverell*, 257 Ga. 653, 655 (4) (362 SE2d 364) (1987); *Golden v. Frazier*, 244 Ga. 685, 687 (2) (261 SE2d 703) (1979); *Adams v. Cowart*, 224 Ga. 210, 215 (6) (160 SE2d 805) (1968). See *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 137 (4) (327 SE2d 192) (1985); *Jones v. Spindel*, 239 Ga. 68, 72 (3) (235 SE2d 486) (1977); *Grant v. Hart*, 197 Ga. 662, 671 (2) (30 SE2d 271) (1944). In these cases plaintiffs prevailed and obtained the relief sought. There is no authority for the proposition that merely seeking equitable relief, which for whatever reason is unobtainable, entitles one to recovery under OCGA § 13-6-11. Plaintiffs could not recover damages for the breach and obtain specific performance; they were required to elect their remedy. *Clayton*, supra at 654 (3). They elected by action, eliminating specific performance and preventing a judicial determination of the issue. They did obtain relief under the count for breach, in effect an adjudication as to the escrowed earnest money, but they were not permitted attorney fees.

Because the correct principle is that plaintiffs must prevail on their basic cause of action in order to obtain litigation expenses, it was error to award attorney fees based upon the mooted specific performance count. This ruling renders moot the cross-appeal on the amount of attorney fees awarded. The Morrows did not appeal the refusal to allow attorney fees on the breach of contract count.

*Judgment reversed in Case No. A90A0476; appeal dismissed in Case No. A90A0477. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 21, 1990 —
REHEARING DENIED JULY 3, 1990 — CERT. APPLIED FOR.

*Zachary & Segraves, J. Ed Segraves*, for appellant.
*Edwin A. Tate II*, for appellees.