A05A2122. BOURKE v. WEBB et al.
(627 SE2d 454)

MILLER, Judge.

Jane and Richard Webb entered into a contract to purchase a home from Brian J. Bourke d/b/a Richland Homes ("Bourke"). When a dispute arose between the parties prior to the completion of the home and the closing of the sale, the Webbs filed a claim seeking to require Bourke's specific performance of the agreement. The Webbs' real estate agent, Uncle Remus Realty, Inc., and Bourke's real estate agent, Edgewater Realty, Inc. (collectively the "Agents") intervened in the case, alleging that they were entitled to receive commissions from Bourke in connection with the sale of the home. Following a bench trial, the trial court granted the Webbs' claim for specific performance by Bourke to complete the home sale, granted the Agents' claims for commissions, and further awarded attorney fees to both the Webbs and the Agents. Asserting several enumerations, Bourke challenges both the trial court's findings and its attorney fee awards. Since evidence supported the trial court's findings and conclusions, we discern no error and affirm.

> On appellate review of a bench trial, the factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. In bench trials, the judge sits as trier of fact and the court's findings are analogous to a jury's verdict and should not be disturbed if there is any evidence to support them.

(Footnote omitted.) *Zhou v. LaGrange Academy*, 266 Ga. App. 445, 449 (1) (597 SE2d 522) (2004).

Viewed in the light most favorable to the trial court's ruling, the evidence reveals that the Webbs entered into a contract to purchase a home to be built by Bourke. The sales price of the home was $467,900,[1] but the contract provided that this price could be adjusted based on items that were not completed before closing. The parties executed five amendments to the sales contract, four of which extended the closing date based on Bourke's failure to complete construction of the house.

Two days before the scheduled closing under the fifth amendment to the contract, it became apparent to the Webbs that Bourke would, again, not have the house ready by the extended closing date. The Webbs proposed a sixth amendment to the agreement, this time not only extending the closing date but also reducing the price of the house in light of the unfinished items that had previously been incorporated into the sales agreement. Bourke submitted a counteroffer to the proposed sixth amendment that was virtually identical to the amendment offered by the Webbs, with the exception of a $4,260 "builder's fee" that Bourke sought to add to the contract price. This builder's fee had not been included in the original sales contract, nor had it been included in any of the five previous amendments.

When the Webbs refused to agree to the builder's fee, Bourke refused to sell the home, stating to his real estate agent "screw that, I don't want to sell the house, it's worth twice as much money anyway, I'll sell it to somebody else, I'll keep [the Webbs' $20,000 in earnest] money, forget it, we won't close." Bourke then sued the Webbs, claiming that he owned the house and that Jane Webb's filing of a "Notice of Purchase and Sale Agreement" in Greene County Superior Court constituted slander of title. The Webbs counterclaimed for specific performance and for attorney fees. The Agents intervened in the case and sued Bourke for their commissions and for attorney fees.

The trial court rejected all of Bourke's claims in an order granting summary judgment to the Webbs on those claims. Following a bench trial on the Webbs' and the Agents' claims against Bourke, the trial court granted specific performance to the Webbs, real estate commissions to the Agents, and attorney fees to both the Webbs and the Agents. The trial court also concluded that the sales price for the house was $459,077, which price was based on Bourke's own calculation of the home's sales price in the proposed sixth amendment minus the $4,260 "builder's fee" that Bourke had attempted to add to the price. Bourke appeals.

1. Bourke's enumerations to the contrary notwithstanding, the central issue on appeal is whether the trial court properly granted

---

[1] Evidence revealed that this price was fair and reasonable.

specific performance to the Webbs. For the reasons that follow, we conclude that the trial court properly granted the Webbs this remedy.

"So long as the contract for the sale of land is in writing, signed by [the] other parties, is certain and fair, for adequate consideration, and capable of being performed, a court of equity can decree that it be specifically performed." (Citation omitted.) *Golden v. Frazier*, 244 Ga. 685, 687 (1) (261 SE2d 703) (1979); see also *Laseter v. Brown*, 251 Ga. 179, 180 (2) (304 SE2d 72) (1983). When parties create a binding contract for the sale and conveyance of land, and the purchaser has not taken possession or a conveyance of the property, the purchaser may bring an action for specific performance. *Clayton v. Deverell*, 257 Ga. 653, 654 (1) (362 SE2d 364) (1987).

Although specific performance generally is unavailable to a purchaser where, as here, the sales contract expressly provides that "time is of the essence" and the purchaser has not tendered the purchase price of the property, it is also well settled that the seller may waive timely performance orally or by conduct. *Ray M. Wright, Inc. v. Stinchcomb*, 259 Ga. App. 212, 215 (576 SE2d 566) (2002). Indeed, "[a] party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract." (Citations, punctuation and footnote omitted.) Id.

Here, evidence supported the trial court's findings that the Webbs were ready and able to purchase the home and that the purchase could not be completed due to Bourke's failure to complete the home's construction. For example, although the sales contract provided that Bourke was required to submit a valid certificate of occupancy by the closing date, evidence revealed that a certificate of occupancy was not issued by the county until seven days after the closing was to have taken place. Bourke cannot now claim that the Webbs are not entitled to specific performance in light of their failure to tender the purchase price since such failure was caused by his own failure to comply with the terms of the contract. See *Ray M. Wright, Inc.*, supra, 259 Ga. App. at 215.

Evidence also supported the trial court's finding that the builder's fee added by Bourke was inappropriate, and that the fair purchase price of the home was $459,077. We find no error in the trial court's grant of specific performance to the Webbs.[2] See *Laseter*, supra, 251 Ga. at 180 (2) (appellate court will not disturb trial court's grant of specific performance where ruling is supported by evidence).

---

[2] In this connection, the trial court also properly awarded real estate commissions to the Agents as agreed upon in the sales contract.

2. Bourke also claims that the trial court erred in awarding attorney fees to the Webbs and to the Agents. We disagree.

Attorney fees are recoverable under OCGA § 13-6-11 when a party has acted in bad faith, has been stubbornly litigious, or has subjected the other party to unnecessary trouble and expense. *Clearwater Constr. Co. v. McClung*, 261 Ga. App. 789 (584 SE2d 61) (2003); see also *Gardner v. Kinney*, 230 Ga. App. 771, 772 (498 SE2d 312) (1998) (a defendant may seek attorney fees pursuant to OCGA § 13-6-11 when he has asserted an independent counterclaim for relief); *Clayton*, supra, 257 Ga. at 655 (5) (a) (party may recover attorney fees pursuant to OCGA § 13-6-11 in an action for specific performance). "Attorney fees are not authorized under OCGA § 13-6-11 if the evidence shows that a genuine dispute exists, except in a case where bad faith is shown." (Citation omitted.) *Artzner v. A & A Exterminators*, 242 Ga. App. 766, 773 (4) (531 SE2d 200) (2000). Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the trier of fact to decide. *Clearwater Constr. Co.*, supra, 261 Ga. App. at 789. An award of attorney fees under OCGA § 13-6-11 will be affirmed if there is any evidence to support it. Id.

Here, evidence supported the trial court's finding that Bourke acted in bad faith in connection with the failed real estate deal with the Webbs. Indeed, Bourke expressed to his real estate agent that he had no intention of selling the home to the Webbs and that he would try to sell it to someone else. Despite this admission, and despite Bourke's failure to timely complete the home, Bourke still planned on keeping the Webbs' $20,000 in earnest money. Since evidence supported the trial court's finding that Bourke acted in bad faith, we will not disturb the trial court's awards of attorney fees. See, e.g., *Artzner*, supra, 242 Ga. App. at 774 (4).

3. In light of our holdings in Divisions 1 and 2 above, we need not address Bourke's remaining enumerations.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 27, 2006 — ▮▮▮▮▮▮▮▮▮

*Robert E. Jones, Powell Goldstein, Simon H. Bloom, Matthew J. Pearce*, for appellant.

*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider*, for appellees.